## HENNESY vs. FARRELL.

*Ejectment—Mortgagee in possession—Tenancy.*

1.  A mortgagee who has gone into peaceable possession of the premises after a default, cannot be ejected by the mortgagor while the mortgage remains unsatisfied.
2.  One who peaceably goes into and retains possession in such a case, under the direction of the mortgagee, thereby becomes his tenant, either at will or from year to year.
3.  Mortgage to secure a bond given to guardian of infant children, with condition to clothe, educate and maintain the infants for a term of years.    In ejectment by the mortgagor, an answer that after the conditions of the bond were broken, defendant peaceably went into and retained possession under the direction of the mortgagee, *held* to be sufficient.

APPEAL from the Circuit Court for *Dodge* County.

Ejectment. The answer sets up the facts stated in the opinion of the court, and "demands judgment against the plaintiff, and for the costs of the action." The defendant appealed from an order sustaining a demurrer to the answer.

*Smith & Ordway*, for appellant, cited *Gillett v. Eaton*, 6 Wis., 30; *Tallman v. Ely*, id., 244; *Stark v. Brown*, 12 id., 572, and cases there cited.

*I. P. Walker*, for respondent, contended that the defense pleaded, if good at all under such a mortgage as that alleged, should have been made by the mortgagee himself, after being let in to defend by order of court. 2. Where an equitable defense is interposed, under the statute, to an action of ejectment, the answer must contain all the elements of a complaint for affirmative relief. *Dewey v. Hoag*, 15 Barb., 365. In this case, the answer should have contained all the elements of a bill of foreclosure, except, perhaps, the prayer for a sale ; and if that could be dispensed with, there should at least be a prayer that the defendant be left in possession until the mortgagor pays the mortgage debt, or until out of the rents and profits it shall become extinguished.

DOWNER, J. Michael Mulvaney, as guardian of two infants, sold and conveyed the land in dispute to the plaintiff: and she executed and delivered to the guardian a bond, with a condition that she would clothe, maintain and educate for a term of years the infants, and a mortgage on the land to secure the performance of the conditions of the bond. The defendant alleges that those conditions have not been performed, and that he, by the direction of Mulvaney, the guardian and mortgagee, peaceably went into possession of, and now resides upon, the said premises.

Is this averment sufficient to show that the defendant is the tenant of the mortgagee, or that he holds as the agent of Mulvaney, so that the possession of the defendant is the possession of the mortgagee ? If Mulvaney had been the absolute owner of the land, and the defendant had gone into possession of the

same by his direction or permission, without any agreement to pay rent, the authorities are that he would be a tenant at will, or from year to year, of the owner.   *Jackson ex dem. Livingston v. Bryan,* 1 Johns., 322 ;  *Cheever v. Pearson,* 16 Pick., 266 ;  *Regina v. Winter,* 2 Salk., 587;  *Proprietors, &c., v. McFarland,* 12 Mass., 325 ;  *Farrow v. Edmundson,* 4 B. Mon., 605 ;  *Jackson v. Miller,* 6 Wend., 231.

The mortgagee, according to repeated decisions of this court, being lawfully in possession of the mortgaged lands, cannot be ejected by the mortgagor or his assigns, while the mortgage remains unsatisfied. If the mortgagee can take peaceable possession of the premises, he has a right so to do ; and what he could do himself, he may authorize another to do for him.   We are of opinion that the averments in the answer are, in legal effect, that the defendant is in possession as tenant either at will or from year to year of the mortgagee.   It follows that the answer sets up a good defense, and the circuit court erred in sustaining the demurrer.

*By the Court.*—The order of the circuit court is reversed, with costs.