## THE PEOPLE *vs.* HUGH QUIN and others.

Having carnal connection with a woman intoxicated to the point of insensibility, forcibly, is not a rape, but is merely a crime under the 23d section of the act respecting offenses against the person. (2 *R. S.* 663, § 23.)

To constitute the crime of rape, since the Revised Statutes, the connection must be absolutely against the will of the female, and there should be the utmost reluctance and the utmost resistence by her.

The statute, by specifying and describing the offense of having carnal knowledge of a woman, without her consent, by administering to her any substance or liquid which shall produce such stupor, or such imbecility of mind, or weakness of body as to prevent effectual resistance, and prescribing a different measure of punishment for it, has taken it out of the category of rape, even if it would have been held to be such, at common law.

Where the defendants administered to the woman the liquor which produced a stupor and insensibility that would have prevented any effectual resistance had she been inclined to resist; *Held* that as the violation of the person of the female, under such circumstances, would not have constituted the crime of rape, the defendants could not be convicted of an assault with intent to commit a rape.

ERROR to the court of sessions of Monroe county. The indictment charged that the defendants, on or about August 22, 1866, at the town of Brighton, committed a rape upon one Mary A. Williams; also, that they assaulted with intent to ravish; and still another count, for a simple assault and battery. Upon the trial, the girl Mary A. Williams was not called as a witness, and the defendants claimed there was no evidence upon which they could properly be convicted of either charge in the indictment. The evidence showed that on the day charged in the indictment the defendants Quin, Howell and Widowson, and the girl, Mary A. Williams, went into a liquor store, in Rochester, and asked for something to drink; she drank whisky and stoughton; some took beer; they drank two or three times; she drank freely whenever the others asked her, and herself called for liquor, Howell paying for it. She took a cigar and smoked it, while in the store. She told the boys "let's go where we said we were going." The party then left the store, and all proceeded to a farm belonging to one Culver, outside of the city limits;

The People *v.* Quin.

the defendants, when the party reached said farm, dragging and carrying the girl along, who was by this time stupid from intoxication. The defendants laid the girl upon the ground, and there was evidence going to show that two of them, at least, then had connection with her, the others being present all the time. They had a bottle with them. The girl remained stupid until the next day.

When the people rested, the defendants' counsel asked the court to discharge the defendants on the ground that there was no evidence of non-consent on the part of the female, and also on the ground that the defendants should have been indicted under another statute.

The court denied the motion, and the defendants' counsel excepted.

The girl was proved to be a common prostitute.

At the close of the testimony, the court charged the jury, among other things, as follows :

"If the jury find from the evidence that the defendants and the girl were voluntarily drinking together in the saloon, and after that went out together, no previous assignation having been made, nor consent given to have sexual intercourse, and that after walking some distance the operation of the liquor drank by the woman was such as to produce insensibility, and that while in such insensible condition, the defendants violated her person, they would be guilty of rape."

To which part of the charge the defendants' counsel duly excepted.

The court also charged the jury, that if the jury, on the contrary, found that an assignation was actually made between the parties ; or that the woman consented to have sexual intercourse with the defendants, and proceeded with them to the place where the connection took place, for the express purpose of having such connection ; then, although at the precise time the connection took place she became insensible from the effects of the liquor she before that voluntarily drank, in the absence of any evidence showing that her pre-

vious consent had been withdrawn, the defendants would not be guilty of rape.

The jury found all the defendants guilty of an "assault with intent to commit a rape."

Judgment was arrested until the decision of the general term upon the case and exceptions.

*C. C. Davison*, (district attorney,) for the people.

*L. H. Hovey*, for the defendants.

*By the Court*, JOHNSON, J. The jury found the defendants all guilty, of an assault, with intent to commit a rape. The evidence showed quite clearly that the female, on the occasion of the assault, was intoxicated to such a degree as to be entirely insensible. She had been a short time previous drinking quite freely with the defendants, who procured the liquor, once at least, at her request, and drank with her.

The judge, among other things, charged the jury that if they should find, from the evidence, that the girl and the defendants were drinking together voluntarily, and afterwards went out together, without any assignation having been made, or any consent on her part to have sexual intercourse with them, and she became insensible from the operation of the liquor thus drank, and while in such condition the defendants violated her person, they would be guilty of rape. To this part of the charge the defendants' counsel excepted. It is now claimed by the counsel, that having carnal connection with a woman intoxicated to the point of insensibility, forcibly, is not a rape, but is merely a crime under the twenty-third section of the act respecting offenses against the person. (2 *R. S.* 663, § 23.) That section, it will be seen, provides for the punishment of every person who shall have carnal knowledge of any woman above the age of ten years, without her consent, by administering to her any substance, or liquid, which shall produce such stupor, or such imbecility of mind, or weakness of body, as to pre-

vent effectual resistance. The punishment, prescribed for the offense named in this section, is imprisonment in the state prison not exceeding five years. The punishment for the crime of rape is imprisonment not less than ten years. Rape, and carnal knowledge of a woman under the circumstances provided for in section twenty-three, are clearly separate and distinct offenses. The latter is an offense against the person, but it is not a rape under our statute, and was designedly made a separate offense, as will appear by the note of the revisers upon this section. After copying the section, as proposed by them, they say : " The offense committed under the preceding circumstances probably woud not be rape ; and yet the guilt of the offense and the injury to the sufferer are as great in this as in any other case." The provision was borrowed by the revisers from Livingston's Louisiana Code. As proposed by the revisers, the section embraced in addition to what was adopted by the legislature, the case of a person having carnal knowledge of a woman by personating her husband, and inducing her to believe that he was such. This the legislature struck out, and adopted the remainder of the section proposed, and as it now stands. This seems to me quite important, as furnishing a key to the interpretation of our statute, and a clear insight into the intention of its framers in regard to the character and grade of the crime of having carnal knowledge of a woman, under such circumstances, without her consent. They first define the crime of rape in section twenty-two, the second subdivision of which is " by forcibly ravishing any woman of the age of ten years or upwards." The charge of the judge, as has been seen, brought the alleged violation of the female within this subdivision of section twenty-two, which was, I think, erroneous. It has, I think, never yet been held that merely having carnal knowledge of a woman while deprived by voluntary intoxication or otherwise of all reason and volition, without her consent, and by such force only, as was necessary to accomplish the act under such circumstan-

ces, was a rape. I have not been able to find that the question has ever arisen so as to be judicially determined, previous to the adoption of our Revised Statutes. The term "forcibly ravishing," as used in the statute, was doubtless used in accordance with the generally understood and accepted definition of rape, which was the carnal knowledge of a woman by a man forcibly, *against her will.* The term *ravish* has always been held necessary in an indictment for a rape, and no other word, nor any circumlocution, would answer the purpose. The words *feloniously did ravish and carnally know,* imply that the act was done forcibly and against the will of the woman. (*Bouv. Law Dic. Ravish, and authorities cited.*) And so it has been held by our courts, since the Revised Statutes, that to constitute the crime of rape the connection must be absolutely against the will of the female, and that there should be the utmost reluctance and the utmost resistance by her. (*The People* v. *Munson,* 1 *Park. Cr. Rep.* 625. *The People* v. *Abbot,* 19 *Wend.* 192.) In the case last cited, Cowen, J. says : " A mixed case will not do. The will of the female is an essential ingredient in the crime of rape. There is an obvious difficulty in holding that the act of carnally knowing a woman, who has, without any force, violence or fraud, been rendered wholly insensible, and has no will whatever to oppose to the act, is doing the act against her will. In such a case she can neither consent nor refuse. It was this difficulty, doubtless, and the necessity of providing against an offense of that character, which led to the adoption of section twenty-three, constituting such an act a distinct and separate crime. Since the adoption of the Revised Statutes, (in March, 1845,) a case arose and was decided in England upon full consultation by the fifteen judges, which would seem to show that our revisers were mistaken in supposing that the offense provided against in section twenty-three of the statute would not be rape. The case is *Regina* v. *Camplin,* (37 *C. L. R.* 746.) The prisoner had given the prosecutrix

liquor, and when she had become quite drunk and insensble, took advantage of it and violated her. The jury found that the prisoner gave her liquor for the purpose of exciting her, and not with the intention of rendering her insensible and then having sexual intercourse with her. The verdict was guilty, and *Parke, B.* reserved the case for the fifteen judges, who upon consultation, as the case states, and after argument, sustained the verdict "by a majority." *Patterson, J.* in delivering the judgment, lays much stress upon the fact that the prosecutrix on being solicited by the prisoner to have sexual intercourse with him, refused, and continued by her words, and conduct, to refuse, up to the latest moment at which she had power to express her will. And that she was deprived of the power of continuing to express her want of consent, by the illegal act of the prisoner in administering liquor to her to gain her consent. And he concludes "your case, therefore, falls within the description of those cases in which force and violence constitute the crime, but in which fraud is held to supply the want of both." The case, it will be seen, turns in a great measure, if not wholly, upon the wrongful conduct of the prisoner, for the purpose of obtaining her assent, by which he deprived her of the power of refusal and resistance, which she had manifested up to the time of becoming insensible. The fraud supplied the place of the force and violence which would otherwise have been necessary to the gratification of his desires. In the case at bar there is no such element, as it was presented by the judge in his charge. As put there it is merely the case of voluntary drinking together, without any design or intention on the part of any of the defendants to bring about sexual intercourse with the female thereby. The charge, therefore, is not sustained by the decision just cited. No element of fraud is suggested to supply the place of force and violence. But whatever we may think of the opinion of the revisers in regard to such an offense constituting rape at common law, or as to the soundness of the ruling in *Regina* v. *Camplin*, (*supra*,) it

must be held, I think, that our statute, by specifying and describing the offense in question, and prescribing a different measure of punishment for it, has taken it out of the category of rape, even if it would have been held to be such at common law. Had the defendants succeeded in having sexual connection with the woman at the time to which the evidence relates, there can be no doubt the offense would have fallen directly within section twenty-three of the statute. They administered the liquor to her which produced the stupor and insensibility, which must have prevented any effectual resistance, had she been inclined to resist. From the tenor of the evidence it is rather difficult to raise the presumption that she would have resisted had she not been insensible. "Administering" is defined to be "giving" "dispensing," and there is no question but that the defendants furnished and gave her the liquor on that morning. The fact that she asked them for it at one time, makes no difference ; they bought it and gave it to her, and drank with her. It was by their "administering" that she obtained it. The evidence is very·strong, and indeed seems to me quite conclusive, to show that one of the defendants, at least, had sexual intercouse with her on the occasion. But the jury have found that they were guilty only of an assault with intent to ravish. It follows, of course, that if the violation of the person of the female under the circumstances, would not have constituted the crime of rape, but another and different crime, the assault and battery with the intent to do the act could not include the intent to commit a rape, but the other crime. The error was clearly prejudicial to the defendants as they were not and could not under the circumstances be guilty of the crime charged in the indictment. I think the other rulings of the judge were all correct. But, for the error in the charge, the conviction must be set aside and a new trial granted.

[MONROE GENERAL TERM, September 2, 1867. *James C. Smith, Welles* and *Johnson,* Justices.]