PERRY HODGDEN, *et al.,* v. COMM'RS OF ELLSWORTH CO.

PRACTICE; *Case, and Bill of Exceptions, must be settled before and signed by the Judge.* A case made, must be settled and signed by the judge who tried the cause; and the stipulations of counsel that the case is correct will not do away with the necessity for such authentication.

### *Error from Ellsworth District Court.*

THE action below was brought by *Hodgden* and three others, citizens and tax-payers of Ellsworth county, to enjoin the *Board of County Commissioners* of said county from issuing $12,000 of the bonds of said county previously voted for the purpose of building a court-house. A temporary injunction was granted, and afterward, on motion, said injunction was dissolved. The only question determined in this court is one of practice, and the opinion sets forth sufficiently the facts and proceedings upon which such question arises.

*Theodore Sternberg,* for plaintiff in error.

*P. T. Pendleton,* and *Martin, Burns & Case,* for defendant.

The opinion of the court was delivered by

BREWER, J.: On the 24th of July 1872 the judge of the 14th district sitting at chambers dissolved a temporary injunction theretofore granted by him, and on application gave thirty days in which to make a case for this court. A paper purporting to be a case made was prepared and filed in the district clerk's office within the thirty days. This so-called case was never signed or settled by the judge, but in lieu thereof this stipulation appears at the close:

"This case and exceptions is agreed to be correct.

"S. ATWOOD, *Attorney for Defendants.*

"THEODORE STERNBERG, *Attorney for Plaintiffs.*"

This paper is not authenticated as required by the statute to constitute it a case made. The signature of the judge is as essential to a case as to a bill of exceptions. Without such statutory authentication we cannot examine into it. The agreements of counsel cannot make a case, or a bill of exceptions. That can be done only in the manner provided by the code. As was said by the court in *Leonard v. Warriner,* 20 Wis., 42, "We cannot permit the stipulation of the attorneys to take the place of or do away with the necessity of such signing by the judge. If this practice were allowed attorneys might send up to this court for decision questions never raised in the court below, and even cases to which the attention of the circuit court was never called." See also *The People v. Ferguson,* 34 Cal., 310; *Cohen v. Trowbridge,* 6 Kas., 388. The case will be dismissed.

All the Justices concurring.