## P. D. WHITZELL v. F. M. FORGLER.

1. BILL OF EXCEPTIONS, *When a Nullity.* The allowance of a bill of exceptions is a judicial act. Hence, in a case tried before a justice of the peace, who employed a clerk, a bill of exceptions signed by such clerk in the absence of the justice and without his knowledge or consent, is a nullity.

2. ——— *Invalid Bill of Exceptions.* The fact that subsequently the justice is told of what has been done, and that the parties agree that the bill states the truth, and that without ever seeing the bill he makes no objections, is not equivalent to his judicial examination and approval, and does not make the bill a valid bill of exceptions.

### *Error from McPherson District Court.*

AT the April Term, 1883, *Forgler* moved the court to strike from the files thereof the bill of exceptions and petition in

error theretofore filed therein by *Whitzell,* for the reason that "the so-called bill of exceptions was not signed by C. F. Nichols, justice of the peace, nor was it done by his advice or consent." The court heard the testimony of witnesses both for and against the foregoing motion, the arguments of counsel thereon, sustained the motion, and made an order accordingly. This order *Whitzell* brings here. Other facts appear in the opinion.

*Frank G. White,* for plaintiff in error.

*D. P. Lindsay,* and *John W. Hill,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts of the case are as follows: The case was tried before C. F. Nichols, a justice of the peace, on March 28th. The next day a bill of exceptions was prepared by counsel, and signed in the name of the justice by Miss Carrie Short. The latter person was acting as his clerk — not officially, for justices of the peace have no clerks, but in a private employment. The bill of exceptions was signed by the clerk in the absence of the justice, and without his knowledge or consent. In fact, until the time the validity of this bill was challenged in the district court he had never seen it. Such a bill is a nullity. The allowance of a bill of exceptions. is a judicial act. No agreement of parties, or certificate of a clerk, can make one. (Comp. Laws 1879, ch. 80, § 303; ch. 81, § 112*a; Hodgden v. Comm'rs,* 10 Kas. 637; *Shepard v. Peyton,* 12 id. 616; *The State v. Bohan,* 19 id. 28; *Building Association v. Beebe,* 24 id. 363.)

Of course the mere clerical act of signing the name of the justice may be done by any one, if done by his direction. Such clerical act is then his act. But in the case at bar, it was done in his absence and without his knowledge or consent. He had never authorized his clerk to sign his name in his absence, He had never seen or approved this bill. Beyond any doubt the paper when taken from the justice's office without any other signature than that made by

the clerk, made in the absence and without the knowledge or consent of the justice, was of no validity. But counsel invoke the doctrines of principal and agent, and of estoppel. Neither applies. A judge has no agent. His judicial actions are all personal. It is true the testimony discloses substantially these facts: The next day after the signing of the bill by his clerk, the justice met the attorney and complained of his obtaining the action of the clerk. The attorney told him the bill was all right, and that he could see the opposite attorney. He did see him, and was told that there was nothing in the bill different from what he thought the evidence was. This fact he communicated to the attorney preparing the bill. It is true the testimony is not perfectly harmonious; but the above may be considered as proven. This is not sufficient. Judicial action is not thus obtained or determined. The most that can be said is that the parties agreed and a clerk signed. The justice never saw, never affirmatively approved, but on being told that the parties agreed, made no further objection. The act was not his act. He left the parties to the rights given by what they had chosen to do, and that cannot be sustained as his judicial action and approval. The ruling of the district court must be sustained, and its judgment affirmed.

All the Justices concurring.