## STATE *vs.* JESSE K. JONES.

*Criminal Law—Abortion—Indictment; Sufficiency of—Intent—Reputation—Evidence.*

1. In an indictment for abortion it was alleged that the prisoner "unlawfully and feloniously, with intent to procure the miscarriage of A. B., she the said A. B. then and there being a pregnant woman, then and there supposed by the (prisoner) to be pregnant, did administer to her the said A. B. certain medicine (the same not being necessary to preserve the life of her the said A. B.)." *Held*, that the negative clause, viz: "the same not being necessary to preserve the life of her the said A. B.," negatived the miscarriage as well as the giving of the medicine, and was sufficient.

2. In a prosecution for abortion, it is proper to ask a witness "What is the

defendant's general reputation for morality and decency in the community in which he lives."

3. In the indictment it was alleged that the prisoner " did counsel her the said A. B., so intending to procure a miscarriage of her the said A. B. (the same not being necessary to preserve the life of her the said A. B.)." *Held* sufficient.

4. In a charge of abortion the gravamen of the offense is the intent, and the jury must decide whether the defendant administered, prescribed or counseled, whatever was done, for the purpose and with the intent of procuring a miscarriage. " Administering" may mean " giving" medicine.

5. General reputation, defined, and how the same shall be considered by the jury, stated.

*(September 22, 1902.)*

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Herbert H. Ward*, Attorney-General, and *Robert H. Richards*, Deputy Attorney-General, for the State.

*Sylvester D. Townsend, Jr.*, for the defendant.

Court of General Sessions, New Castle County, September Term, 1902.

INDICTMENT FOR ABORTION (No. 33, same term.)

The indictment contained four counts, the first three of which were relied upon by the State, and were as follows:

" September Term, 1902.
" New Castle County, ss.
" THE GRAND INQUEST FOR THE STATE OF DELAWARE, and the body of New Castle County, on their oath and affirmation, respectively, DO PRESENT:
"That Jesse K. Jones late of Brandywine Hundred, in the county aforesaid, on the seventh day of March in the year of our Lord one thousand nine hundred and two, with force and arms, at the hundred aforesaid, in the county aforesaid, unlawfully, feloni-

ously, and with the intent to procure the miscarriage of one Sarah Clancey, she the said Sarah Clancey then and there being a pregnant woman, then and there supposed by the said Jesse K. Jones to be pregnant, did administer to her the said Sarah Clancey certain medicine, (the same not being necessary to preserve the life of her, the said Sarah Clancey), against the form of an Act of the General Assembly, in such case made and provided, and against the peace and dignity of the State.

" And the Jurors aforesaid, on their oath and affirmation, respectively, aforesaid, Do Further Present, That Jesse K. Jones, late of Brandywine Hundred, in the county aforesaid, on the seventh day of March in the year of our Lord one thousand nine hundred and two, with force and arms, at the hundred aforesaid, in the county aforesaid, unlawfully, feloniously and with the the intent to procure the miscarriage of one Sarah Clancey, she the said Sarah Clancey then and there being a pregnant woman, then and there supposed by the said Jesse K. Jones to be pregnant, did prescribe for her the said Sarah Clancey certain medicine, (the same not being necessary to preserve the life of her the said Sarah Clancey) against the form of an Act of the General Assembly in such case made and provided and against the peace and dignity of the State.

" And the jurors aforesaid, on their oath and affirmation, respectively, aforesaid, Do Further Present, That Jesse K. Jones, late of Brandywine Hundred, in the county aforesaid, on the seventh day of March in the year of our Lord one thousand nine hundred and two, with force and arms, at the hundred aforesaid, in the county aforesaid, unlawfully, feloniously and with the intent to procure the miscarriage of one Sarah Clancey, she the said Sarah Clancey then and there being a pregnant woman, then and there supposed by the said Jesse K. Jones to be pregnant, did counsel her, the said Sarah Clancey, so intending to procure a miscarriage of her, the said Sarah Clancey, (the same not being necessary to preserve the life of her, the said Sarah Clancey), against the form of

an Act of the General Assembly, in such case made and provided, and against the peace and dignity of the State.

"HERBERT H. WARD,
"Attorney-General.

"ROBERT H. RICHARDS,
"Deputy Attorney-General."

Defendant's counsel moved to strike out the first two counts of the indictment on the ground that they did not aver, as required by the statute (Rev. Code, 13, Sec. 2), that the miscarriage was not necessary to preserve the life of the said Sarah Clancey, but merely alleged that the medicine was not so necessary.

Bassett vs. State, 41 Ind., 303; Willey vs. State, 46 Ind., 363.

LORE, C. J.:—The majority of the Court hold that the first two counts of this indictment are sufficient. The second section of the statute (Rev. Code 930), under which this indictment is framed, is as follows:

"SECTION 2. Every person who, with the intent to procure the miscarriage of any pregnant women or women supposed by such person to be pregnant, unless the same be necessary to preserve her life, shall administer to her, advise, or prescribe for her, or cause to be taken by her any poison, drug, medicine, or other noxious thing, or shall use any instrument or other means whatsoever, or shall aid, assist, or counsel any person so intending to procure a miscarriage, whether said miscarriage be accomplished or not, shall be guilty of a felony," etc.

The statute includes the cause and the effect. The giving of the medicine, or the use of the instrument is the cause; the miscarriage is the effect. In the indictment, the giving of the medicine, and the miscarriage are united in one clause, in the following words: That the prisoner "unlawfully and feloniously with intent to procure miscarriage of one Sarah Clancey, she the said Sarah Clancey, then and there being a pregnant woman, then and there supposed by the said Jesse K. Jones to be pregnant, did administer

to her the said Sarah Clancey certain medicine (the same not being necessary to preserve the life of her, the said Sarah Clancey)."

This clause is indivisible, includes and joins together the miscarriage as well as the giving of the medicine, and the negative clause, viz: "the same not being necessary to preserve the life of her the said Sarah Clancey," negatives the miscarriage in that clause, as clearly as it does the giving of the medicine. We think under any proper rules of construction the two are incapable of separation.

We therefore are of opinion that the first and second counts of the indictment sufficiently negative miscarriage.

BOYCE, J., concurred.

SPRUANCE, J., (dissenting):—I am obliged to dissent from the opinion of a majority of the Court as to the construction of this statute.

The obvious purpose of the the statute is to prevent the procuring or attempting to procure a miscarriage of a pregnant woman, or a woman supposed to be pregnant, unless a miscarriage be necessary to preserve her life.

This indictment in substance alleges, in the first count, that the medicine administered by the defendant to the woman was not necessary to preserve her life, and in the second count that the medicine prescribed by him for her was not necessary to preserve her life. These allegations are insufficient and immaterial. It may be that the medicine so administered or prescribed was such as could not, under any circumstances, preserve life or produce a miscarriage, yet if it was administered or prescribed with the intent to procure a miscarriage, and a miscarriage was not necessary to preserve the woman's life, the crime would be complete.

In an indictment under this statute for procuring or attempting to procure a miscarriage, it is in my judgment necessary to allege that a miscarriage was not necessary to preserve the woman's life.

8

I find no such allegation in the said first or second counts, and I am therefore of the opinion that they should be quashed.

(*Mr. Townsend* asked to note an exception to the majority opinion of the Court).

LORE, C. J.:—We think this is not an exceptionable matter, this not being a final judgment. You can ask the Court in your prayers to charge upon this matter and then except properly.

*Mr. Townsend,* on behalf of defendant, asked a witness the following question, viz:

" What is the defendant't general reputation for morality and decency in the community in which he lives ?"

(Objected to by the Deputy Attorney-General, on the ground that reputation for morality and decency is not in issue in a charge of this kind where the offense alleged is the giving of medicine).

LORE, C. J.:—There is no breach of the peace in this case, but there is an immoral crime of a grave character. We think the question is proper in form.

At the conclusion of the evidence, defendant's counsel asked the Court to instruct the jury to bring in a verdict of not guilty, for the reason that the statute, in specific terms, mentions the administering, etc., of " any poison, drug, medicine or other noxious thing," whereas there was no proof that any medicine was given by the defendant to the prosecuting witness ; the only evidence being that he gave her capsules and pills.

The Court refused to so instruct the jury.

LORE, C. J., charging the jury :

Gentlemen of the jury :—Jesse K. Jones, the prisoner, is charged in this indictment with an attempt to commit abortion.

The indictment is found under the provisions of an act of the General Assembly passed January 13, 1883, section 2 of which is in this language:

" Every person who, with the intent to procure the miscarriage of any pregnant woman or women supposed by such person to be pregnant, unless the same be necessary to preserve her life, shall administer to her, advise, or prescribe for her, or cause to be taken by her any poison, drug, medicine, or other noxious thing, or shall use any instrument or other means whatsoever, or shall aid, assist, or counsel any person so intending to procure a miscarriage, whether said miscarriage be accomplished or not, shall be guilty of a felony," etc.

Under that act the indictment charges this offense in a threefold manner;

*First,* that he, the prisoner, with intent to procure a miscarriage, did *administer* to this woman, she then and there being pregnant, he supposing her to be pregnant, certain medicine for that purpose; the second count is that he *prescribed* certain medicine for that purpose; the third count, that he did *counsel* her, the said Sarah Clancey, etc.

We have been asked by the counsel for the defendant to say to you that the prisoner cannot be convicted upon this indictment by reason of its insufficiency of allegation in the first two counts in that there is no charge that the miscarriage was not necessary for the purpose of saving her life, and again on the ground that in the third count there was no evidence that the counseling was not necessary for saving her life.

We say to you, gentlemen, that the Court are unanimously of the opinion that the crime is sufficiently charged in the third count; and the majority of the Court are of the opinion that it is sufficiently charged in the first two counts. So that as far as the sufficiency of this indictment is concerned you may dismiss it from your minds, for with it you have nothing to do; the Court have ruled upon its sufficiency.

You are then to direct your attention to whether, under the indictment as framed and thus passed upon by the Court, this prisoner is guilty or not guilty of the crime as charged.

We may say to you that that the gravamen of this offense is the intent—that is, this woman being pregnant or the defendant supposing her to be pregnant, you are to decide whether he administered, prescribed or counseled, whatever was done, for the purpose and with the intent of procuring a miscarriage. But even if he did administer, prescribe or counsel her yet if you believe it was for some other purpose or with some other intent than to produce a miscarriage it would not be the crime as charged under this statute. The specific intent here is the intent to produce the miscarriage and the act or advice must relate to that intent.

But that intent may be proved either by direct and positive testimony, such as the admission of the defendant or other direct evidence of the fact, or by all the circumstances surrounding the case, and you may gather the intent from the entire case. It is difficult to get at just what is passing in the human mind. Indeed we may say that is impossible to look into any human mind and say absolutely just what is the intent. You must therefore rely upon the words, acts, deeds and circumstances of the entire case. If you find from them that there was the intent charged, the crime would be complete so far as that element is concerned.

With respect to *administering*—alleged in the first count—it is not necessary for the State to prove to you that Jesse K. Jones compelled this plaintiff to take the medicine. I find in looking at all the accepted dictionaries that one of the primary definitions of the word "administer" is to give. So taking that definition, if you believe that the defendant gave to Sarah Clancey medicine, it would come within the definition of "administer." The word "administer" is not a word having a strict, legal and technical import. It is a word in general use with a commonly accepted meaning.

Again, in considering the guilt or innocence of this

prisoner, we are asked to charge you upon the question of reputation—first, as to the reputation of the defendant for morality and decency, and also the reputation of the prosecuting witness, Sarah Clancey, for truthfulness and veracity.

As to the question of reputation, the testimony must be of a character to bring out what the law terms reputation. That is, not what some particular person who may be on the stand may think of the prisoner because of some transaction with him which may be a matter of prejudice and subject to explanation upon both sides—but the question is what is generally said about the prisoner and the reputation the prisoner has acquired in the community either for morality and decency on the one side or for truthfulness and veracity on the other. But, gentlemen, that testimony should be taken like any other testimony and is of value only so far as it in the one case tends to show innocence of the crime, and in the other tends to show truthfulness or untruthfulness. It is to be taken in connection with all the testimony and to be given just so much weight under the circumstances of this case as you think it is entitled to.

It is a wise provision of the law that every person accused of crime, is presumed to be innocent until that crime is established by competent proof; and the vesture of innocence clothes the accused until it is removed by testimony which satisfies your mind beyond a reasonable doubt that he is guilty of the crime charged.

In conclusion, we will say to you that taking the law as the Court has now instructed you, your duty is conscientiously and carefully to ascertain whether or not this prisoner be guilty of administering medicine or other noxious drug, as we have defined it, for the purpose of procuring a miscarriage; or whether he prescribed or counseled and advised it. If you are satisfied that he did any one of these things your verdict should be guilty; and if you are not so satisfied, your verdict should be not guilty.

The jury disagreed.