## J. J. CHANDLER v. STATE.

No. A-113.    Opinion Filed December 7. 1909.

(105 Pac. 375.)

1. **APPEAL—Case-Made.** A case-made must be signed and settled by the judge who tried the case.

2. **INDICTMENT AND INFORMATION—Sufficiency—Surplusage.** The information alleges that defendant committed the "crime of attempting to procure an abortion." The charging portion of the information alleges facts sufficient to charge defendant with the crime of abortion. **Held.** the words "attempting to procure an abortion" surplusage.

3. **INDICTMENT AND INFORMATION—Amendments.** Under section 6645, Comp. Laws Okla. 1909 (section 5307, Wilson's Rev. & Ann. St. 1903), an information may be amended by leave of court after the trial has begun, where the same can be done without material prejudice to the defendant, and where the record fails to disclose anything from which prejudice can be inferred, and counsel fail to point out any injury done the defendant by such change. this court will assume there was no error in permitting the change.

5. **INSTRUCTIONS—"Reasonable Doubt."** For an approved definition of "reasonable doubt," see definition as set out in the opinion.

5. **APPEAL—Harmless Error—Fixing Punishment by Jury.** An instruction to the jury to fix the punishment on conviction, when not requested by the defendant, is improper; but the verdict will not be set aside for that reason alone, when it appears that the punishment fixed was not excessive, and no showing is made that the defendant has been in any manner injured.

(Syllabus by the Court.)

*Error from District Court, Seminole County; Malcolm E. Rosser, Judge.* •

J. J. Chandler was convicted of crime, and brings error. Motion to dismiss denied, and judgment affirmed.

On the 20th day of January, 1908, complaint was filed before H. M. Tate, justice of the peace, charging the defendant with an attempt to procure an abortion upon Barbara Brown. Upon hearing, the defendant was held for appearance before the district court of Seminole county. The county attorney of said county, on the 4th day of January, 1908, filed an information against the defendant, and on the 28th day of November, 1908, after the trial had begun, amended the information by interlineation. The defendant was tried and convicted, and the case is before this court on appeal. The Attorney General files motion to dismiss the appeal.

*Davis & Davis,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *E. G. Spilman,* Asst. Atty. Gen.. for the State.—On sufficiency of informations for abortion: *Mills v. Commonwealth,* 13 Pa. St. 633; *Minnesota v. Jay Owens,* 22 Minn. 238; *Rex v. Cadmon,* 1 M. C. C. 114; *State v. Morrow,* 40 S. Car. 22; *Reg. v. Wilson,* 7 Cox C. C. 190; *State v. Murphy,* 27 N. J. L. 112.

OWEN, JUDGE (after stating the facts as above). It appears that this case was tried before Malcolm E. Rosser, at a special term of the district court of Seminole county, and that the case-made was settled and signed by A. T. West. The Attorney General urges that the case-made is not properly before this court, for the reason that the case-made must be signed and settled by the judge who tried the case. Section 6074, Comp. Laws Okla. 1909 (section 4741, Wilson's Rev. & Ann. St. 1903), provides, among other things, as follows:

"The case and amendments shall be submitted to the judge who shall settle and sign the same, and cause it to be attested by.

the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case."

Section 6075, Comp. Laws Okla. 1909 (section 4742, Wilson's Rev. & Ann. St. 1903), among other things, provides as follows:

"The court or judge may, upon good cause shown, extend the time for making a case and the time in which the case may be served; and may also direct notice to be given of the time when a case may be presented for settlement after the same has been made and served, and amendments suggested, which when so made and presented shall be settled, certified and signed by the judge who tried the cause;   *   *   *   and in all causes heretofore or hereafter tried, when the term of office of the trial judge shall have expired or may hereafter expire before the time fixed for making or settling and signing a case, it shall be his duty to certify, sign or settle the case in all respects as if his term had not expired," etc.

This question was presented to the Supreme Court of the territory of Oklahoma, in the case of *City of Enid v. Wigger,* 15 Okla. 507, 85 Pac. 697. The court in that case said:

"It must be conceded that the settling and signing of a case-made (by the judge trying the cause) is the exercise of a judicial power, and a judicial function, and one which the law has conferred upon the judge trying the cause and upon no one else. Another judge, while acting as judge of the district, may extend the time within which it is to be done; but the judge who tried the case must pass upon a motion for a new trial, and must settle and sign the case when prepared for the Supreme Court."

We agree with the holding of the court in that case. There is every reason why the case-made should be settled by the judge who tried the case. He alone knows what proceedings were had. In this case Judge Rosser was acting judge for that district. The case-made should have been signed and settled by Judge Rosser, who tried the case. Judge West could not possibly have known what took place except from hearsay. It would not be fair to one trial judge to permit another judge to sign and settle the case-made. The purpose of signing and settling a case-made is to present an authentic record to this court. It is true that in this case the attorneys, as is usual in such matters, stipulated and agreed that the case-made contained a true, full, and correct copy of all

the proceedings in the cause. The statute requires the case-made to be authenticated by the court. The case of *Hodgden v. Commissioners*, 10 Kan. 637, seems to be directly in point.. In that case the case-made was never signed or settled by the judge; but in lieu thereof this stipulation appears at the close: "This case and exceptions is agreed to be correct. S. Atwood, Attorney for Defendants. Therodore Sternberg, Attorney for Plaintiffs." The court, in passing on the question, said:

"This paper is not authenticated as required by the statute to constitute it a case-made. The signature of the judge is as essential to a case as to a bill of exceptions. Without such statutory authentication we cannot examine into it. The agreements of counsel cannot make a case, or a bill of exceptions. That can be done only in the manner provided by the Code. As was said by the court in *Leonard v. Warriner*, 20 Wis. 42: 'We cannot permit the stipulation of the attorneys to take the place of or do away with the necessity of such signing by the judge. If this practice were allowed, attorneys might send up to this court for decision questions never raised in the court below, and even cases to which the attention of the circuit court was never called.' See, also, *People v. Ferguson*, 34 Cal. 310; *Cohen v. Trowbridge*, 6 Kan. 388."

The motion to dismiss must be sustained so far as it relates to the case-made.

We find that the transcript is properly before the court, and the record proper, under the transcript, will be considered. The record proper, under our statutes, includes the information, the plea of the defendant, the verdict of the jury, the sentence of the court, the instructions given by the court, and those requested by the defendant, together with all indorsements made thereon. *Reed v. United States*, 2 Okla. Cr. 652, 103 Pac. 371.

The first assignment is that the court erred in entertaining jurisdiction of the cause; the same being a misdemeanor and not a felony. The first count of the information in this case, and the one relied on by the county attorney is as follows:

"Comes now Aubrey M. Fowler, the duly elected and acting county attorney within and for the county of Seminole, and state of Oklahoma, and informs the district court of the Seventh judicial district of the state of Oklahoma, sitting within and for

3 Cr. 17

the said county of Seminole, in said state of Oklahoma, that on the 30th day of January, A. D. 1908, the said above-named defendant, J. J. Chandler, was upon complaint duly made and verified, charging the said defendant with procuring an abortion, brought before H. M. Tate, a justice of the peace within and for said Seminole county, state of Oklahoma, an examining magistrate, duly qualified and acting, and said defendant, J. J. Chandler, being then and there duly informed of the nature and contents of the charge against him, entered his plea of not guilty, and upon examination duly had it was found and adjudged by said H. M. Tate, justice of the peace aforesaid, that there was reasonable ground to believe that said offense of procuring an abortion had been committed, and that the defendant, J. J. Chandler, was guilty thereof and should be held to answer said charge of procuring an abortion, in the district court within and for said county of Seminole and state of Oklahoma, and said county attorney, in the name and by authority of the state of Oklahoma, informs said district court: That on the 20th day of December, 1907, said defendant, J. J. Chandler, did in said county and state commit the crime of attempting to procure an abortion. That said crime was committed by the said defendant in the manner following: That is to say, that the said above-named defendant, J. J. Chandler, did in the said county of Seminole, said state of Oklahoma, on or about the 20th day of December, A. D. 1907, then and there unlawfully, feloniously administer to one Barbara Brown, the said Barbara Brown being then and there a pregnant woman, a certain drug, medicine, and substance, with the intent then and there thereby to procure the miscarriage of the said Barbara Brown, the same not being then and there necessary to preserve the life of the said Barbara Brown, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

It is urged by counsel for the defendant that because of the language appearing in the information, "said defendant, J. J. Chandler, did in said county and state commit the crime of attempting to procure an abortion," this offense is one of attempting to commit a crime, and therefore, under the statutes of Oklahoma, the punishment should be one-half the term prescribed for the offense if committed, and that, under that statute, the punishment would make this offense a misdemeanor, and the district court would not have jurisdiction. The statue under which this prose-

cution was had is section 2370, Comp. Laws Okla. 1909 (Wilson's Rev. & Ann. St. 1903, § 2268), which is as follows:

"Every person who administers to any pregnant woman, or who prescribes for any such woman, or advises or procures any such woman to take any medicine, drug or substance, or uses or employs any instrument, or other means whatever, with intent thereby to procure the miscarriage of such woman, unless the same is necessary to preserve her life, is punishable by imprisonment in the state prison not exceeding three years, or in a county jail not exceeding one year."

The offense is complete under this section when the medicine is administered with the intent to procure the miscarriage. It is not necessary that the miscarriage be procured. The charging part of the information is as follows:

"That said crime was committed by the said defendant, in the manner following: That is to say, that the said above-named defendant, J. J. Chandler, did in the said county of Seminole, said state of Oklahoma, on or about the 20th day of December, A. D. 1907, then and there unlawfully, feloniously administer to one Barbara Brown, the said Barbara Brown being then and there a pregnant woman, a certain drug, medicine, and substance, with the intent then and there thereby to procure the miscarriage of the said Barbara Brown, the same not being then and there necessary to preserve the life of the said Barbara Brown, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the state of Oklahoma."

The defendant could not possibly have been misled by the information. That part of the information stating that the defendant committed the crime of attempting to commit an abortion is surplusage. The purpose of the information is to give the defendant knowledge of the act with which he is charged, and which the state alleges was criminal, and against which he must defend. The court did not err in overruling the plea to the jurisdiction. The case was not a misdemeanor, but a felony, and the district court had jurisdiction.

The second assignment of error is that the information failed to charge any offense. Counsel, in support of this assignment,

quote section 2812, Comp. Laws Okla. 1909 (section 2669, Wilson's Rev. & Ann. St. 1903), which is as follows:

"Every person who attempts to commit any crime, and in such attempt does any act toward the commission of such crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable," etc.

And quotes the preceding section, which is:

"No person can be convicted of an attempt to commit a crime when it appears that the crime intended or attempted was perpetrated by such person in pursuance of such attempt."

And they urge that no conviction for the crime of abortion could be had under this information even if the evidence actually proved the commission of the offense. With this contention we cannot agree. As has been said, the crime was complete when the medicine was administered, and it is not necessary for the information, to allege there was no miscarriage.

The third assignment of error is that the court erred in permitting the county attorney to amend the information after the trial had begun, over the defendant's objection, and in permitting the county attorney to verify the information after the trial had begun. Section 6645, Comp. Laws Okla. 1909 (section 5307, Wilson's Rev. & Ann. St. 1903), is as follows:

"An information may be amended in matter of substance or form at any time before the defendant pleads, without leave, and may be amended after plea on order of the court where the same can be done without material prejudice to the right of the defendant; no amendment shall cause any delay of the trial, unless for good cause shown by affidavit."

There is nothing in the record which would indicate that it was with material prejudice to the rights of the defendant. Counsel do not undertake in the brief to indicate how the defendant was prejudiced by the interlineation, and if they are not able to point out any substantial right denied the defendant, or any prejudice done him, certainly this court would not be expected to assume that the court erred in permitting the county attorney to make the amendment.

The fifth and fifth-A assignments of error are that the court erred in giving the following instruction:

"If you find from the testimony beyond a reasonable doubt that the defendant, J. J. Chandler, within what is now Seminole county and state of Oklahoma, at any time since the 16th day of November, 190, prescribed for Barbara Brown, or procured her to take any medicine, drug, or substance, with intent to procure her miscarriage, she being pregnant at the time, unless it was necessary to preserve her life, then it will be your duty to convict defendant."

It is urged under these two assignments that this conviction was without authority of law for two reasons: First, it is urged that the information charges that the defendant did "administer," and this instruction uses the words "prescribed" or "procured"; second, that the court fixed the date after which the defendant might have been convicted as November 16, 190. In the printed instruction filed in this case, it is true. that the figures appear as "November 16, 190"; but there was no controversy on the trial of the case as to the date of the offense. The information alleges the 20th day of December, 1907, and it is clear to this court that the date fixed by the lower court was that of statehood, November 16, 1907, and this assignment appears to us too technical to receive serious consideration. It is nonsense to say that the trial court would instruct a jury that they might convict the defendant of an offense as early as the year 190. As to the first reason urged, the objection is not well taken. The first instruction given the jury was as follows:

"The defendant in this case, J. J. Chandler, is charged by information with the crime of attempting to procure an abortion. It is alleged in the information that he committed the offense in Seminole county in the state of Oklahoma on or about the 20th day of December, 1907, by unlawfully and feloniously administering to one Brown, she being then and there pregnant, a certain drug, medicine, or substance with intent then and there to procure the miscarriage of the said Barbara Brown. It also alleges that the miscarriage was not necessary in order to preserve her life. To this charge the defendant has entered his plea of not guilty, and the question of his guilt or innocence is the one you are impaneled and sworn to try."

This was a clear, full, and complete statement of the offense with which the defendant was charged, and the jury could not pos-

sibly have been misled or misinformed as to the issue. It is admitted in the brief filed by counsel that the testimony on part of Barbara Brown is to the effect that the defendant, who is a physician, at one time handed her a bottle of medicine with directions to take the same three times a day. Under this proof the jury was authorized to convict the defendant on the charge made in the information. Her testimony is to the effect that he gave her the medicine. The information charges that he did "administer." The primary definition of "administer" is to give. The word is not a word having a strict legal or technical import. It is a word in general use, with a common and accepted meaning; and, where a person is charged with administering medicine, it is the same as charging him with giving medicine. *State v. Jones,* 1 Pennewill (Del.) 109, 53 Atl. 858-861; *People v. Quinn* (N. Y.) 50 Barb. 128-134; 1 Words & Phrases, p. 195.

Assignment 5B is that the court erred in defining "reasonable doubt." The instruction of the court was as follows:

"By a 'reasonable doubt' is meant a real substantial doubt existing in the minds of the jury after a fair consideration of all the testimony in the case. It is such a doubt as would cause a reasonable and prudent man to pause and hesitate before acting in matters of grave importance to himself. The law does not require the prosecution to prove the guilt of the defendant to an absolute certainty, but does require it be proven to a moral certainty. If, after considering all the testimony, you are morally sure of the guilt of the defendant, then you have no reasonable doubt, and it is your duty to convict him; otherwise you will acquit him."

We think this deefinition a good one. Counsel in the brief fail to point out their objection, except to say:

"This is a clear charge upon the weight of the evidence and is not a correct definition of reasonable doubt, if competent to define the term. It worked manifest injury to the defendant."

Counsel leave us to infer the injury worked, without pointing it out; neither do they advise us in what particular this instruction misstated the law.

The seventh assignment of error, and subdivisions thereof, are: First, "the court erred in not instructing the jury to con-

sider, in weighing and determining the testimony of Barbara Brown, the fact that she had voluntarily solicited medicine and took the same for the purpose of miscarriage." This was not error. It was immaterial whether Barbara Brown solicited the medicine, or whether the defendant voluntarily gave it to her. The offense was complete when he gave it to her with intent to procure the miscarriage. Whatever inducements he may have received would not be a defense. The second subdivision under this assignment is that "the verdict is contrary to the law and the evidence." The case-made containing the evidence not being before the court, this assignment cannot be considered as to the weight of the evidence. The verdict was not contrary to law. Under the third subdivision of this assignment, counsel urge that the court erred in instructing the jury as follows:

"If you find the defendant guilty, it will be your duty to assess the punishment at imprisonment in the penitentiary for a term of not less than one nor more than three years, or by imprisonment in the county jail for a period not exceeding one year."

Counsel insist that, because the record fails to show that the defendant requested that the jury fix the punishment, this instruction was manifest error. Section 2028, Comp. Laws Okla. 1909, is as follows:

"In all cases of a verdict of conviction for any offense against any of the laws of the state of Oklahoma, the jury may, and shall upon the request of the defendant assess and declare the punishment in their verdict and the court shall render a judgment according to such verdict, except as hereinafter provided."

We agree with counsel that under this section the court should not have directed the jury to fix the punishment unless the defendant requested it. But did the action of the court in so directing the jury prejudice the rights of the defendant? If it did, this case should be reversed for that reason; if not, the case should not be reversed. Under this section the jury has the right to fix the punishment, whether the court so directs or not. They *must* fix the punishment if the defendant requests it. If the court had not so instructed the jury, they could have, and might have, fixed

the punishment. Under the statute, and under the instructions of the court, they could have fixed the punishment at three years' imprisonment. The verdict was for two years. There is nothing in the record to indicate to this court that, if the jury had not fixed the punishment, the court would have given a lighter sentence, and since the jury could have fixed the punishment without the instruction, and there being no showing and no contention made here that the punishment is excessive, we do not believe the defendant was prejudiced by the instruction.

The judgment of the lower court is affirmed.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.

---

## ON PETITION FOR REHEARING.

### Denied March 22, 1910.

PER CURIAM. The decision of the court in this case was filed on December 7, 1909. On December 14, 1909, plaintiff in error by his counsel filed a petition for rehearing.

After careful consideration of the petition, and oral argument and brief of counsel for plaintiff in error, we are of the opinion that there is no merit in the petition, and that the decision heretofore rendered in this case should not be vacated or modified. The petition for rehearing raises no questions that were not submitted and passed on in the original opinion, and there is no contention made that the decision is in conflict with an express statute or controlling decision .

The petition for rehearing is therefore denied.