AUGUSTUS R. PAULL *vs.* ELIZABETH C. C. PAULL.

JANUARY 20, 1910.

PRESENT: Dubois, C. J., Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Appeal in Equity.   Allowance of Transcript.   Jurisdiction.*

The court is without jurisdiction to consider an appeal in equity, where the transcript has not been allowed by the justice who heard the cause, but, upon his ceasing to be a member of the court, was allowed by another justice of such court, and where no steps were taken for the establishment of such transcript under C. P. A. § 330.

Neither can the provisions of said section 330 be waived in this respect, even by stipulation to that effect.  Following *Matteson* v. *Smith Co.*, 30 R. I. 198.

APPEAL IN EQUITY.   Dismissed.

BLODGETT, J.  This is an appeal in equity, under § 328, C. P. A., in which final decree dismissing the bill was entered

in the Superior Court on December 19, 1908. A claim of appeal was seasonably filed within thirty days thereafter, viz., on January 16, 1909, and time was extended for transcribing and filing the testimony until July 14, 1909. The transcript of testimony was ultimately filed on June 21, 1909. Meanwhile, the justice who heard the cause had ceased to be a member of the Superior Court, and instead of preferring a petition to this court for the establishment of such transcript, as provided in § 330, C. P. A., application was made to another justice of the Superior Court for the allowance thereof, who, on June 25, 1909, endorsed the same as allowed. At the hearing of the case before this court these facts appeared, after, indeed, the decision of this court in the recent case of *Matteson* v. *Benjamin F. Smith Co.*, 30 R. I. 198, had been delivered, but before it had been officially reported. Counsel here seek to distinguish the case at bar from that case by urging that in the former case a motion to dismiss was made by the respondent, and by the further claim that the defect, if any, has been waived by not being urged by the respondent.

(1)  We are of the opinion that the provisions of § 330, C. P. A., in this respect, can not be waived even by stipulation to that effect. The statute has provided the method for the allowance of a transcript of testimony in such a case in the Superior Court by requiring the allowance of the same "by the justice who heard the cause," and by him only; and the conclusion of section 330 is as follows: "If the transcript has not been allowed by the justice who heard the cause or objection is made thereto by either party, the correctness of the transcript may be determined by petition as provided in section 494 for determining the matter of exceptions."

As to a bill of exceptions, the Supreme Court of the United States determined, in *Malony* v. *Adsit*, 175 U. S. 281, 284, as follows: "An inspection of this record discloses that the bill of exceptions was not settled, allowed and signed by the judge who tried the case, but by his successor in office, several months after the trial. It is settled that allowing and signing a bill of exceptions is a judicial act, which can only be performed by the judge who sat at the trial. What took place at the trial,

and is a proper subject of exception, can only be judicially known by the judge who has acted in that capacity. Such knowledge cannot be brought to a judge who did not participate in the trial or to a judge who has succeeded to a judge who did, by what purports to be a bill of exceptions, but which has not been signed and allowed by the trial judge.

"Section 953 of the Revised Statutes is as follows: 'A bill of exceptions allowed in any cause shall be deemed sufficiently authenticated if signed by the judge of the court in which the cause was tried, or by the presiding judge thereof, if more than one judge sat at the trial of the cause, without any seal of court or judge being annexed thereto.'

"We understand this enactment to mean that no bill of exceptions can be deemed sufficiently authenticated unless signed by the judge who sat at the trial, or by the presiding judge if more than one sat.

"In *Mussina* v. *Cavazos*, 6 Wall. 355, 363, after the case had been elaborately argued on the merits, it was discovered by the court that the bill of exceptions had not been either signed or sealed by the judge below. Thereupon the court delivered the following opinion: 'Whatever might be our opinion of the exceptions which appear in the record, if they were presented in such a way that we could consider them, we find them beyond our reach. The bill of exceptions, or what purports to be a bill of exceptions, covering more than three hundred and fifty pages of the printed record, is neither signed nor sealed by the judge who tried the cause; and there is nothing which shows that it was submitted to him or in any way received his sanction. We are therefore constrained to affirm the judgment.' "

After citing with approval the previous decisions of that court, and of several State courts, the opinion concludes on this branch of the inquiry before the court, as follows (p. 287): "In *Coburn* v. *Murray*, 2 Maine, 336, it was held that a bill unauthenticated by the trial judge cannot be given validity by consent of counsel. We are referred to no decision of this court on the precise question whether counsel can stipulate the correctness of a bill of exceptions not signed by the trial judge.

But we think that on principle this cannot be done, and we regard the cases just cited as sound statements of the law. Accordingly, our conclusion is that the errors of the trial court alleged in the bill of exceptions, unauthenticated by the signature of the judge who sat at the trial, cannot be considered by us."

To the same effect see also the cases of *Southern Express Co.* v. *Black,* 54 Ala. 177, affirmed in *Clark* v. *McCrary,* 80 Ala. 110; *City of Denver* v. *Capelli,* 3 Col. 235; *Gee* v. *Terrio,* 55 Cal. 381; *Robinson* v. *Matthews,* 16 Fla. 319; *Hodgden* v. *Commissioners of Ellsworth Co.,* 10 Kas. 637, affirmed by Brewer, J., in *Whitzell* v. *Forgler,* 30 Kas. 525; *Miller* v. *Jenkins,* 44 Ill. 443; *Wessels* v. *Beeman,* 66 Mich. 343; *Credit Foncier of America* v. *Rogers,* 8 Neb. 34; *Young* v. *State,* 23 Ohio St. 577; *Leonard* v. *Warriner,* 20 Wis. 45.

It is urged that the rule applicable to a bill of exceptions is not applicable in this proceeding, although the method of establishing the transcript is stated, in section 330, "by petition as provided in section 494 for determining the matter of exceptions," and cases in other jurisdictions are cited in which it has been held, sometimes by virtue of express statutory provision and sometimes without such provision, that, in the event of death or resignation of the trial justice before allowance of the transcript, the successor of such trial justice may allow the same, as also that this court has held that the filing of an appeal bond may be waived if not seasonably questioned. But an appeal bond is for the benefit of the appellee, and if he does not insist upon it a very different question is presented than is presented when parties seek to establish by stipulation a record importing absolute verity and concluding the trial justice who is no party thereto, as to his rulings and even his decision, without notice. And whatever may be the decision in other jurisdictions where the trial court consists of one justice, and there is no method provided by statute for establishing the transcript or the exceptions in the appellate tribunal, and where it clearly appears who is the successor of the trial justice, it is sufficient to say that in this State the Superior Court is one court for the entire State, consisting of a presiding justice and

five associates (§ 4, C. P. A.), and may be held "with or without juries by different justices at the same time and in different places in the same county or in different counties" (§ 8, C. P. A.) by such of the justices thereof as shall be designated from time to time by the presiding justice (§ 6, C. P. A.), and "any one justice of the Superior court shall be a quorum thereof for all purposes." (§ 7, C. P. A.)

It is evident that in a court so constituted there is no proper successor to a trial judge dying or resigning. But the statute does not authorize any other than "the justice who heard the cause" to allow the transcript; and by what statutory authority can any other so act? There is no provision for such allowance by any other justice of that court or by any other person, or in any other manner than upon petition to the Supreme Court, as is provided in § 330, C. P. A., *supra*, and accompanied by affidavits required by rule 13 of this court and filed within thirty days after the time prescribed for filing the transcript in the Superior Court, inasmuch as the transcript in an appeal in equity sets forth rulings and decisions which are relied on as the ground of the appeal, and hence may be considered as analogous to the "bill of exceptions" mentioned in § 494, C. P. A. and which is required to be accompanied by the transcript in a law case under § 492, C. P. A.

Indeed, the signature of the justice in this case is of no validity in the allowance of this transcript, and the case must be considered as though it had never been affixed thereto.

Again, to allow counsel to stipulate a record for this court would be to allow such a stipulation in a case where the entire transcript had been disallowed by the justice who heard the cause, as was in fact done in the recent case of *Vassar* v. *Lancaster*, 30 R. I. 221. It can not be contended that the rulings and decisions of the trial justice can thus be established against his disallowance, and without even a supporting affidavit. So to allow a stipulation in such cases would be to permit parties to stipulate a record in the first instance, and without even presenting it for allowance, in every case where the justice who heard the cause was still in office; and it is not contended that this can be done. Nor is it otherwise where the transcript

has been duly presented for allowance and the justice who heard the cause fails to seasonably allow the same. *A fortiori* this can not be done in the case at bar, which is a case where the transcript has neither been presented to nor allowed by the justice who heard the cause. The statute has made a simple and adequate provision for the taking of successive steps within definitely limited statutory periods, and confers rights and imposes liabilities as such steps are respectively taken or omitted to be taken within such statutory periods; and it is not contemplated that these provisions shall be rendered nugatory by stipulation made at any time, to the confusion and uncertainty of rights and liabilities of the parties consequent thereon. The statute is plain, and we can not, if we would, depart from its provisions.

It follows that, although the claim of appeal has been transmitted to this court, there is no record here upon which it can be tried. The statute has provided a mode which the complainant has not followed, but has seen fit to disregard; since upon consulting the statute he must have seen there was no statutory authority to make such an allowance of a transcript. The order must therefore be

Appeal dismissed, and decree of the Superior Court affirmed. Cause remanded to Superior Court for further proceedings.

*William T. O'Donnell, Lewis A. Waterman, and Waterman, Curran, and Hunt,* for complainant.

*J. Jerome Hahn and Tillinghast and Collins,* for respondent.