ELIZA W. LIGHT AND OTHERS, PLAINTIFFS IN ERROR,. V. LIVIA E. KENNARD, DEFENDANT IN ERROR.

1. **Practice:** EXCEPTIONS. The exceptions referred to in section 300 of the code apply only to the findings of fact or conclusions of law of the referee.

2. **Referee:** MOTION FOR NEW TRIAL. To obtain a review of the decision of a referee a motion for a new trial is necessary.

3. **Parent and Child:** ADVANCEMENT TO CHILD. Lands conveyed by a mother to her daughter as an advancement after the mother has contracted debts which she is thereby unable to pay, pass subject to such debts.

ERROR to the district court of Lancaster county. Heard on exceptions to report of referee before POUND, J.

*Galey & Abbott,* for plaintiffs in error, cited *Partelo v. Harris,* 26 Conn., 480. *Fifield v. Gaston,* 12 Iowa, 218. *Steele v. Ward,* 25 Iowa, 535.

*L. C. Burr and J. R. Webster,* for defendant in error, cited *Hanson v. Buckner,* 4 Dana, 252. *Bogard v. Gardley,* 4 Smedes & M., 302. *Mohawk Bank v. Atwater,* 2 Paige Ch., 54. *Young v. White,* 25 Miss., 146. Bump on Fraudulent Conveyances, 216. *Lyne v. Bank of Kentucky,* 5 J. J. Marsh., 545. *Constantine v. Twelves,* 29 Ala., 607. *Blakeney v. Kirkley,* 2 Nott & McCord, 544. *Clark v. Depew,* 25 Penn. State, 516.

MAXWELL, CH. J.

The defendant in error is a judgment creditor of Eliza W. Light, and filed her petition in the district court of Lancaster county, alleging the recovery of the judgment, the return of an execution unsatisfied, and the conveyance by Eliza W. Light to Lucy A. Light

of certain real estate, without consideration, after the debt upon which the judgment was recovered was contracted. The case was referred to R. D. Stearns, who filed a report in favor of the defendant. The plaintiff herein filed exceptions to the report, which were overruled by the court, and judgment was rendered subjecting the land to the payment of the judgment. The cause is brought into this court by petition in error. No motion to set aside the report and for a new trial was made in the court below, nor was the court asked to set aside the report. Certain objections, which are styled *exceptions*, were filed to the report wherein it is alleged that the petition does not state facts sufficient to constitute a cause of action; that the referee erred in admitting certain testimony; that the evidence will not support the findings of fraud; that the findings of facts will not support the conclusions of law; that the findings of the referee are not according to the prayer of the petition; that the reference was made without consent, etc.

Decisions made by a referee during the progress of a trial, such as rulings upon the admissibility of evidence, must be excepted to at the time. The exceptions referred to in section 300 of the code apply only to the findings of fact or conclusions of law of the referee, there being no opportunity to except orally to these during the trial. *Deming v. Post,* 1 Code R., 121. *Brewer v. Isish,* 12 How. Pr., 481. *Gilchrist v. Stevenson,* 7 id., 273. *Hunt v. Bloomer,* 13 N. Y., 341. These so called exceptions, therefore, do not take the place of a motion for a new trial, and no motion having been filed the case cannot be reviewed in this court. *Simpson v. Gregg,* 5 Neb., 237. The judgment must, therefore, be affirmed.

But aside from the question of practice, the judgment is clearly sustained by the evidence. It appears

from the bill of exceptions that the debt for which the judgment was recovered was incurred on the 9th day of April, 1877, and the conveyance from Eliza W. Light to Lucy A. Light was executed on the 25th day of the same month, as an advancement. Lucy A. Light is not a *bona fide* purchaser of the premises, and they pass to her subject to the payment of the debts then existing of Eliza W. Light. There is no error in the record.

JUDGMENT AFFIRMED.