·HERBERT C. JOINER, PLAINTIFF IN ERROR, V. WILLIAM L. VAN ALSTYNE ET AL., DEFENDANTS IN ERROR.

1. **Bill of Exceptions.** Affidavits, used as evidence, upon the hearing of a motion in the district court, will not be considered in the supreme court unless preserved as a part of the record by a bill of exceptions.

2. **Motion for a New Trial.** To entitle a party to a review of any alleged errors transpiring upon the trial of a cause, a motion for a new trial must be made distinctly setting forth the errors complained of. *Cropsey v. Wiggenhorn,* 3 Neb., 108.

ERROR to the district court for Lancaster county.    Heard below before MITCHELL, J.

*Dilworth, Smith & Dilworth* and *A. H. Bowen,* for plaintiff in error.

*C. O. Whedon,* for defendant in error, Doolittle.

REESE, J.

This is a proceeding in error to the district court of Lancaster county. The cause was tried to the court and resulted in a finding in favor of defendant in error. The decree was rendered April 14th, 1885. On the 29th day of December, 1885, plaintiff in error filed a motion and affidavit for leave to file a motion for a new trial. This motion was overruled. It is sought to have this ruling reviewed by this court, but as the evidence presented with the motion has not been preserved by the proper bill of exceptions, we cannot review the decision of the district court.

This leaves the case without a motion for a new trial having been made in the trial court. The cause cannot be reviewed on error in the absence of such motion. *Cropsey v. Wiggenhorn,* 3 Neb. 108. *Wells, Fargo & Co. v. Preston,* Id. 444.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.