HERBERT C. JOINER, PLAINTIFF IN ERROR, v. W. L. VAN ALSTYNE ET AL., DEFENDANTS IN ERROR.

**Conveyance:** INSOLVENT GRANTOR. The mere fact that a grantor in a deed is insolvent will not render the conveyance of real estate made by him to a creditor upon adequate consideration fraudulent and void.

REHEARING of case reported 20 Neb., 578.

*Dilworth, Smith & Dilworth* and *A. H. Bowen,* for plaintiff in error.

*C. O. Whedon,* for defendant in error Doolittle.

MAXWELL, CH. J.

An opinion was filed in this case in 20 Neb., 578, a rehearing was afterward granted, and the cause again submitted to the court. The action was brought by the plaintiff against the defendant in the district court of Lancaster county to subject certain real estate described in the petition to the payment of a certain judgment recovered by the plaintiff against the defendant, Van Alstyne, in March,

1883. In May of that year an execution was issued on said judgment, which in July following was returned wholly unsatisfied. The debt upon which the judgment was recovered was created in 1873. The real estate in question was alleged to have been purchased by Wm. Van Alstyne in 1879, and the title taken in the name of his wife, Harriet E. Van Alstyne. It is alleged in the amended petition, " That Harriet E. Van Alstyne and William L. Van Alstyne did, on or about the 24th of October, 1884, convey the said premises above described' to one John Doolittle, without consideration, and with the intent and for the purpose, as said John Doolittle then well knew, of delaying, hindering, and defrauding the plaintiff out of his said claim, and others, the creditors of said William L. Van Alstyne, out of their just demands and claims against him, the said William L. Van Alstyne. That at the time said John Doolittle purchased said premises, he, the said John Doolittle, well knew and had full knowledge that said premises belonged to and were owned by said William L. Van Alstyne, and that the legal title thereto was placed in the said Harriet E. Van Alstyne for the purpose of delaying and defrauding the creditors of said William L. Van Alstyne."

The testimony tends to show that on the 21st day of January, 1884, Van Alstyne and wife conveyed the property in controversy to the defendant, John Doolittle, and this action was commenced in February of that year ; the deed to Doolittle, however, was not recorded until October, 1884. The testimony tends to show that the property at the time of the execution of the deed was worth about seven thousand dollars ; that as part of the consideration Doolittle assumed the payment of three thousand five hundred dollars due from Van Alstyne to certain banks in Lincoln ; he also assumed an incumbrance of about twelve hundred dollars on the property and satisfied an account of eight hundred and fifty dollars due from Van Alstyne to him ;

he also executed a lease of said property to Van Alstyne for a period of two years. What other consideration there may have been does not appear.

The value of the lease we are unable to determine, as there is no proof upon that point. So far as the record discloses, the transaction was *bona fide*. The fact that Van Alstyne was insolvent at the time the transfer was made would not render the conveyance void as to creditors, unless it was made with the intent to hinder, delay, or defraud them, and the proof fails to show any such intent. It does appear that Van Alstyne had been a contractor in the construction of public buildings, and that Doolittle furnished him lumber and building material, but there is nothing to show that he had aided him to conceal his property or to evade the payment of his debts. The leased property was Van Alstyne's home, in which his wife and family resided, but whether he possessed $500 in money or property in addition, we are unable to determine from this record. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.