## The State v. Gordon, *Appellant.*

### Division two, June 27, 1893.

1. **Practice:** BILL OF EXCEPTIONS: MOTIONS FOR NEW TRIAL AND IN ARREST. Where the bill of exceptions does not contain the motions for new trial and in arrest of judgment and no directions to the clerk to copy them into it, only the record proper will be considered on appeal, notwithstanding the record proper, recites the filing of both motions.

*Appeal from Lafayette Criminal Court.*—Hon. John E. Ryland, Judge.

Affirmed.

*R. F. Walker,* Attorney General, and *Morton Jourdan,* assistant, for the state.

This court can consider nothing in this case except the record proper, on which the judgment should be affirmed. Neither the motion for new trial, nor any exceptions to the overruling of same, are contained in, referred to, or called for, in the bill of exceptions. *Arnold v. Boyer,* 108 Mo. 310; *State v. Griffin,* 98 Mo. 672, and cases cited; *Railroad v. Carlisle,* 94 Mo. 166; *State v. Burckhartt,* 83 Mo. 430; *State v. Gaither,* 77 Mo. 305. This being true, no exceptions are saved or presented to this court to any matters that occurred during the progress of the trial. In fact, the bill of exceptions does not show even the filing of a motion for new trial or in arrest. Nor are the instructions to be found in the bill of exceptions. It is true the record proper does, but that is insufficient, and does not meet the requirements of the statute and the decisions. Secs. 2167, 2168, Revised Statutes, 1889. How can defend-

ant, save his exceptions to the action of the court in overruling his motions in the record proper? It cannot be done.

GANTT, P. J.—The defendant was indicted at the October term, 1891, in the criminal court of Lafayette county for an assault with intent to kill, and was convicted and sentenced to the penitentiary for two years.

No brief has been filed in this court. We have examined the record and find no error in the record proper. After the defendant had been sentenced and granted his appeal, leave was given to file a bill of exceptions in sixty days and this was done "*in vacation* on the ninth of July, 1892."

The record proper recites the filing of motions for new trial and in arrest, but the bill of exceptions in this record does not contain any direction to the clerk to copy either in the record as is authorized by section 2304, Revised Statutes, 1889. In the absence of such motions, we could not examine anything but the record proper, so that, were we to consider the bill of exceptions, we would still be bound to affirm the judgment and sentence.

This record evinces a total misconception of what the record proper and a bill of exceptions respectively should contain. In a charge so grave, this is to be greatly regretted; but we are not authorized on that account to consider matters not in the record proper as universally understood by the courts and the profession. *State v. Gilmore*, 110 Mo. 1. The judgment must be, and is, affirmed. All the judges of this division concur.