## ROBERT J. LEE v. THE UNITED STATES.

(Filed July 30, 1898.)

1. APPEAL—*Method of Procedure.* A motion to dismiss appeal on the ground that there is no case-made attached to the petition in error will not be sustained if, attached to said petition, there is a transcript of the record of the case in the trial court. Under our Code of Criminal Procedure (section 5324, St. 1893), two methods are provided for bringing a judgment of the district court in a criminal case to this court for review, viz. by petition in error, with the original case-made, or by a certified transcript of the record attached thereto.

2. TRIAL—*Errors—Review on Appeal.* It is a general rule that errors of law occurring during the progress of the trial can only be presented to this court for review by bringing into the record the action of the trial court upon a motion for a new trial. Such errors are generally deemed to have been waived, and the appellate court will refuse to review them if the proper foundation for such review has not been laid by motion for a new trial; but a motion for a new trial, and bill of exceptions or case-made, is essential only for the purpose of saving and presenting such errors of law occurring during the progress of the trial as do not appear on the face of the record. Where the errors complained of appear on the face of the record proper, although they be errors of law occurring during the progress of the trial, no motion for a new trial or bill of exceptions is necessary to present them for review.

3. INSTRUCTIONS—*Part of Record.* Under section 5292, St. 1893, the instructions of the court and the indorsements thereon are a part of the judgment roll or record proper in the cause; and, although the erroneous giving and refusing of instructions are errors of law occurring at the trial, yet such instructions and the exceptions indorsed thereon, being a part of the judgment roll or record proper, may be reviewed by this court upon a transcript of the record,

although no motion for a new trial was presented to the court below or brought into the record by bill of exceptions.

4. RECORD—*Evidence—Erroneous Instructions—Reversal.* Where the evidence is not brought into the record, a judgment will not be reversed on account of instructions given by the trial court, if on any supposable state of facts relevant to the issue the instructions might have been correct; but, although the evidence is not in the record, a judgment will be reversed if an instruction complained of would not have been correct under any evidence that might have been given under the issue. If the record proper or judgment roll in the case, containing the instructions of the court and indorsements, showing such instructions to have been excepted to, shows that such instructions could not have been correct under any evidence that might have been given under the issue presented by the indictment and plea, we may review the same, although none of the evidence in the case has been brought into the record.

5. SAME—*Rule Applied.* Instruction reviewed, and *held* to be erroneous under any state of the evidence that might have been presented to the trial court.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*J. A. Wilson* and *R. Wooldridge*, for plaintiff in error.

*C. R. Brooks, United States Attorney, T. F. McMechan* and *Roy Hoffman, Assistant United States Attorneys,* for defendant in error.

Robert J. Lee was convicted of perjury, and he brings error. Reversed.

Opinion of the court by

TARSNEY, J.: The preliminary question is presented by a motion to dismiss the appeal in this case on the grounds (1) that there is no proper record before this court upon which it can pass judgment or affirm or reverse the judgment of the lower court; (2) that no case-made was ever served upon defendant in error, or signed, settled, or allowed by the trial court, or by the judge of said

court. It is admitted by plaintiff in error that no case-made is attached to the petition in error, or filed in this court; but this is not ground for dismissing the appeal, as, under our statute, (section 5324, Statutes 1893,) two methods are provided for bringing a judgment of the district court in a criminal case to this court for review, viz. by petition in error with the original case-made, or a certified transcript of the record attached thereto. By section 5292, Statutes Oklahoma 1893, it is provided: "When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action: (1) The indictment and a copy of the minutes of the pleas or demurrers; (2) a copy of the minutes of the trial; (3) the charges given or refused, and the endorsements, if any, thereon, and (4) a copy of the judgment." Attached to the petition in error in this cause are papers which the clerk of the district court certifies to be true, full, and complete copies of the indictment, demurrer, order overruling demurrer, plea, proceedings of trial, instructions, verdict, judgment, and sentence in the cause. While the certificate of the clerk does not, in exact words, recite that these papers contain a full, true, and complete transcript of the record in the cause, yet, as they are certified to be true, full, and complete copies of everything which the said section 5292 of the Code makes a part of the record of the cause, they must be held to be a transcript of the record, and properly presenting for our consideration and review any question arising upon the face of the record. Therefore the motion to dismiss appeal is overruled.

II.  Numerous assignments of error are presented and argued in the briefs of counsel which we cannot consider, for the reason that they were neither brought into the record and made a part thereof by a bill of exceptions, nor presented to this court by a case-made.  It is the duty of the trial court in every criminal case to see to it that the prisoner has a fair trial.  It is the duty of counsel who assume the responsible duties of defending persons accused of crime, if errors are committed by the trial court to the prejudice of their clients, to bring such errors to the attention of the trial court for correction, and, failing to obtain such correction, to see that a record of the errors of which they complain is preserved, and properly presented to this court, under the established rules of procedure, for its consideration.  If counsel, through indifference for the fate of their clients, or incompetency, fail to make or present a record, according to the established rules of procedure, they must not complain when this court finds itself without power to grant relief.  Hundreds of pages of what purports to be the testimony in this case and the rulings of the court upon the trial are filed with us, and, upon their face, show innumerable errors that are manifest; yet we are precluded from considering any of the testimony or any of the rulings of the court upon the trial, for the reason that the same is not preserved in a case-made, or brought into the record by bill of exceptions.  Although, from the papers and documents irregularly filed and presented in this case, it is manifest that the defendant did not have that fair and impartial trial to which, under the law, he was entitled, and that he was unjustly convicted, yet, but for the fortunate accident that in the meager transcript error is manifest which authorizes a reversal, we would

be powerless to relieve the defendant from an unjust conviction.

In the assignments of error, defendant in error complains of the instructions of the court to the jury. Under section 5292 of our statutes above referred to, a motion for a new trial, or the order of the court thereon, is not made a part of the judgment roll or record proper in the are errors of law occurring during the progress of the court upon the motion for a new trial not having been brought into the record by bill of exceptions, we cannot review any question which could only be presented or preserved by motion for a new trial. It is a general rule that a motion for a new trial is necessary to enable the court to correct errors of law occurring during the progress of the trial. Errors in the giving of instructions are errors of law occurring during the progress of the trial. Such errors are generally deemed to have been waived, and the appellate court would refuse to review them if the proper foundation for such a review has not been laid by motion for an new trial. (*Nesbit v. Hines,* 17 Kan. 316; *Fowler v. Young,* 19 Kan. 150; *Hover v. Tenney,* 27 Kan. 133; *Wilson v. Kestler,* 34 Kan. 61, 7 Pac. 793; *Joiner v. Van Alstyne,* 20 Neb. 578; 30 N. W. 944; *Light v. Kennard,* 11 Neb. 130, 7 N. W. 539; *Manning v. Cunningham,* 21 Neb. 288, 31 N. W. 933; *Gruen v. Bamberger,* 25 Mo. App. 89; *Hatcher v. Moore,* 51 Mo. 115.)

A motion for new trial and bill of exceptions are essential only for the purpose of saving and presenting such errors occurring during the progress of the trial as do not appear on the face of the record; but where the errors complained of appear on the face of the record proper, although they may be errors occurring during the progress of the trial, no motion for new trial or bill of

exceptions is necessary for their preservation or review. (16 Am. & Eng. Enc. Law, 610, and cases cited.)

By "the record proper" is meant that which it is the duty of the court to order, or that which the law makes a part of the judgment roll without special acts or requests from the parties. (Elliot, Gen. Prac. sec. 190.)

Under our Code of Criminal Procedure, (section 5292, St. 1893,) the instructions of the court and the indorsements thereon are a part of the record proper, and any errors therein, if apparent upon the face of the whole of such record, may be reviewed by this court, if the indorsements on said instructions show that exceptions were duly taken, although there be no bill of exceptions or motion for new trial. It is a settled rule that, where the evidence is not in the record upon appeal, a judgment will not be reversed on account of instructions given by the trial court, if on any supposable state of fact, relevant to the issues, the instructions might have been correct. It is equally well settled that, though the evidence is not in the record, a judgment will be reversed if an instruction complained of would not have been correct under any evidence that might have been given under the issues. If, then, the record proper or judgment roll in this case, which contains the charge of the court, shows that such charge could not have been correct under any evidence that might have been given under the issues, and that the giving of such charge was excepted to, we may review the same, although the evidence is not in the record.

III. The second count of the indictment in this case, upon which the defendant was convicted of perjury, sets forth the issue upon which the defendant is alleged to have given false testimony, as follows: "And thereupon

it became and was a material question whether the said Robert J. Lee and Ernest L. Lawrence had entered upon and occupied, contrary to law, any portion of the lands opened to settlement under the acts of congress approved on the 1st and 2d days of March, respectively, in the year of our Lord 1889, and the proclamation of the president of the United States, dated the 23d day of March, in the year last aforesaid, and prior to 12 o'clock noon of the 22d day of April of the year last aforesaid, and then and there became and was a material question, in the hearing and trial of said case and examination, when, where, and with whom the said Ernest L. Lawrence and Robert J. Lee did, at, before, or after noon on the 22d day of April of the year last aforesaid enter the country so opened as aforesaid."

The testimony alleged to have been given by the defendant upon said issue, and upon which perjury was assigned in the indictment, is set forth in the indictment, as follows:

"The said Robert J. Lee did, knowingly, willfully, corruptly, feloniously, and falsely, testify, depose, and say, in substance and effect, that he, said Robert J. Lee, first came into the said Oklahoma country from Purcell on the train on the 22d day of April, A. D. 1889, after 12 o'clock; and that he, Robert J. Lee, got to Purcell Friday night or Saturday morning, from Ainsworth, Brown Co., Nebraska, on the 20th day of April, in the year last aforesaid; and that said Robert J. Lee left Brown Co., Nebraska, on the 17th day of April, in the year last aforesaid; and that he, said Robert J. Lee, had been living at Ainsworth, Nebraska, for four or five years constantly prior to April 17th, in the year of our Lord eighteen hundred and eighty-nine; and that said Robert J. Lee came into the said Oklahoma country after 12 o'clock of April 22d of the year last aforesaid, with James Thompson,

Ward Hudson, H. T. Betts, a Mr. Barnett, Tom. Jackson, Jas. Parker, Ernest L. Lawrence, Jiles Holde, and John Clark; and that he, the said Robert J. Lee, attended school up to the time he started to Purcell, on April 17th in the year last aforesaid, near Ainsworth, Nebraska."

The indictment negatives the truth of such testimony, and alleges the falsity of ever part thereof. The issue so alleged in the indictment, upon which the testimony alleged to be false was given, was: Did the defendant and one Ernest Lawrence enter upon and occupy any of the land opened to settlement by the president's proclamation of March 23, 1889, after the date of such proclamation, and before 12 o'clock noon of the 22d day of April of said year, and when, where, and with whom did said Lawrence and the defendant, on said 22d day of April, enter said lands? The defendant could not rightly be convicted of perjury, no matter how false his testimony might be, unless such testimony was material to the issue thus stated. It is readily apparent that much of the testimony alleged to have been given upon said issue by the defendant, and set forth in the indictment, was immaterial and irrelevant; that it could under no light in which we may view it be deemed material upon the issue presented, except for the purpose of refreshing the witness' recollection or affecting his credibility. It was absolutely incompetent to inquire when the witness arrived at Purcell prior to April 22d, or when he left Brown county, Neb., or how many years he had lived in Brown county, Neb., prior to April 17, 1889, or whether he did or did not attend school in Nebraska up to the time he started for Purcell, These were matters so plainly irrelevant and immaterial to the issue that they could not have been used as a foundation for the

impeachment of the witness, much less as a basis for an allegation of perjury.

The twenty-second instruction in the charge of the court given, and excepted to by the defendant, was as follows:

"You are further instructed that the materiality of the testimony on which the perjury is assigned is a question of law for the court, and not of fact for the jury, and that the matter charged in the indictment is and was material as alleged in the indictment; and you are instructed that if you believe that the defendant testified in the manner and form as charged in the second count of the indictment, and that such testimony was false, and that the defendant knew the same to be false, he is guilty of perjury, and you should so find by your verdict."

It is clear that this instruction could not have been correct, and would have been misleading under any evidence that might have geen given in support of this indictment. The indictment alleges what was the material issue in the cause being tried, but does not allege what part of the testimony of the defendant given thereon, or that any part of such testimony, was material to such issue. If the materiality of the testimony was a question of law for the court, and not of fact for the jury, as the indictment set forth testimony, a part of which was clearly material to the issue, and other parts clearly irrelevant and immaterial, the court should, as a matter of law, have instructed the jury as to what part of such testimony was material, and, if false, would justify a conviction, and what was immaterial, and, although false, would not justify a conviction. The instructions given declared, as matter of law, that all the testimony set forth in the indictment, and alleged therein to be false, was material, and instructed the jury that if the de-

fendant testified in manner charged in the indictment, and such testimony was false, and the defendant knew the same to be false, he was guilty of perjury, and the jury should so find. This clearly authorizes the jury to convict the defendant if they found that any part of the testimony alleged in the indictment to have been given was false, whether such testimony tended to support the issue or not.

The jury may have found that the defendant did not enter upon or occupy any lands in violation of the president's proclamation, and yet have found that he swore falsely in regard to the time that he had lived in Nebraska, or the time that he had there attended school, and upon such false swearing have based a conviction. We need not elaborate arguments to show that this instruction was necessarily misleading, and did not correctly state the law under this indictment, under any state of facts that might have been shown by the evidence in the case. In none of the other instructions given was the vice of this one cured; but, on the contrary, in other parts of the charge the same propositions are stated in a still more misleading manner; but, as no exceptions were saved thereto, we cannot here review them. For the error in the giving of this instruction, the judgment of the court below must be reversed, and a new trial granted. Judgment reversed, and the cause is remanded for a new trial.

Burford, C. J., who was of counsel for plaintiff in error, not sitting; all of the other Justices concurring.