## THE STATE v. IRWIN, Appellant.

### Division Two, February 3, 1903.

1. **Overruling Motion for New Trial:** NO EXCEPTION. Unless exceptions were made to the action of the trial court in overruling the motion for a new trial and those exceptions saved in the bill of exceptions, there is no bill of exceptions, and nothing before the court for review but the record proper.

2. **Grand Larceny:** INDICTMENT: APPROVED PRECEDENTS. Where all the essential elements of the offense of grand larceny are charged in the indictment according to the requirements of the statute, it will be held sufficient, although it does not strictly conform to the approved precedents.

Appeal from Clark Circuit Court.—*Hon. E. R. McKee,* Judge.

AFFIRMED.

*Blair, Marchand & Tall* for appellant.

*Edward C. Crow,* Attorney-General, and *C. D. Corum* for the State.

(1) After defendant's conviction, he, in due time, filed a motion for a new trial, which was by the court overruled. But defendant saved no exception to the action of the court in this regard. Having failed to except to this ruling of the court and to save his exception, he must be deemed to have waived any possible objection thereto, and to have acquiesced therein. There is, then, nothing before this court for review, except the

record proper. State v. Gilmore, 110 Mo. 1; State v. Murry, 126 Mo. 526; State v. Gray, 149 Mo. 258; State v. Hunter, 152 Mo. 569. (2) Although the indictment does not literally follow the approved precedents, it is sufficient. The ownership of the property is well laid; the taking and asportation is duly alleged, and the property taken and asported is particularly described. It charges the felonious intent; lays the venue in Clark county, and concludes as the Constitution requires. Every fact necessary to constitute the crime of grand larceny is stated therein. State v. Dewitt, 152 Mo. 76; State v. Ellis, 119 Mo. 438. The only objection lodged against the indictment, by defendant in his motion to quash, was that the prosecuting attorney had no authority to prefer an information for a felony. That objection is answered by the opinion of this court in State v. Kyle, 166 Mo. 287. (3) The record affirmatively shows the arraignment of defendant, his presence during the trial, and at the rendition of the verdict. The verdict is sufficient. State v. Ray, 53 Mo. 345; State v. Steptoe, 65 Mo. 643; State v. Robb, 90 Mo. 231.

FOX, J.—On March 21, 1901, the prosecuting attorney of Clark county, Missouri, filed in the office of the circuit clerk of that county, an information charging the defendant with grand larceny. There were two counts in the information, but at the close of the State's case, the prosecuting attorney dismissed as to the second count. Appellant filed motion to quash the information, which was by the court overruled. To this ruling of the court there was no exception saved. The defendant was duly arraigned and entered his plea of not guilty. This cause, after the hearing of the evidence, was submitted to the jury upon the charge contained in the first count. The jury returned a verdict of guilty and assessed his punishment at imprisonment in the penitentiary for a term of two years. Appellant filed his motion for new trial which was by the court overruled. To this ruling and action of the court there was at the time no objection or exception. The court pro-

ceeded to sentence and render judgment upon the verdict entered in this cause. The cause is brought here by appeal.

Upon a careful inspection of this record, we find no objections or exceptions to the action of the court overruling the motion for a new trial. It is well settled that the errors complained of in this case must be brought to the attention of the trial court in a motion for a new trial, and before the motion can be made any part of the record, there must be proper exceptions to the action of the court in overruling it, made in due time, and the exceptions must be disclosed in the record. [State v. Noeninger, 108 Mo. 166; State v. Reed, 89 Mo. 168; State v. Mitchell, 98 Mo. 657; State v. Harvey, 105 Mo. 316.]

Upon this state of the record there is nothing before this court for review, except the record proper.

The first count of the information upon which the defendant was tried, while, in form, it does not strictly conform to the approved precedents, yet upon a careful analysis of the terms used in charging the offense, we are of the opinion that all the essential elements of the offense of grand larceny, in pursuance of the provisions of section 1898, Revised Statutes 1899, are properly charged.

No error appearing in the record proper, the judgment is affirmed. All concur.