## THE STATE v. PRICE, Appellant.

**Division Two, January 31, 1905.**

1. **APPELLATE PRACTICE: No Exceptions.** Matters of exception must be preserved in the bill of exceptions, or they can not be reviewed on appeal. Recitals in the record can not preserve such matters.

2. **INSTRUCTION: Assault: Self-Defense.** An instruction which tells the jury that "if they believe from the evidence that....... defendant had good cause to believe, and did believe........ that deceased alone or along with others was about to kill defendant or do him some great bodily harm," etc., is not subject to criticism as limiting defendant's right of self-defense to assaults made by deceased alone and leaving out of consideration defendant's right to protect himself from others acting in concert with deceased.

3. ————: **Failure to Request.** If defendant believes the instructions not broad enough to cover the issues as presented by the evidence, he should call the court's attention to that fact before the case is submitted to the jury, and ask further instructions.

Appeal from McDonald Circuit Court.—*Hon. H. C. Pepper,* Judge.

Affirmed.

*White, Clay & Sheppard* for appellant.

Instruction 6 is erroneous in that it limits defendant's right of self-defense to the assault made by deceased alone upon him, and leaves out of consideration his right to use a weapon if necessary to protect himself from others acting in concert with deceased. State v. Adler, 146 Mo. 18.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

Instruction 6 is criticised as being erroneous. The basis of this criticism is that it limits defendant's right

of self-defense to assaults made by the deceased alone, and leaves out of consideration defendant's right to use a weapon, if necessary, to protect himself from harm from others acting in concert with the deceased. In this counsel for defendant is in error. The instruction follows those that have been heretofore approved by this court, and covers the exact grounds alleged as the basis of the criticism or complaint. It is not subject to the objection made by the court in the case of State v. Adler, 146 Mo. 18.

BURGESS, P. J.—On the twelfth day of January, 1904, the defendant, Price, was convicted in the circuit court of McDonald county of murder in the second degree, and his punishment fixed at ten years' imprisonment in the State penitentiary, under an information filed by the prosecuting attorney of said county, in the office of the circuit clerk of said county, charging him with murder in the second degree, by stabbing and killing with a knife one Dick Friend.

After unavailing motion for a new trial, defendant appeals.

The homicide occurred at a picnic held near Coy, a small village in McDonald county, on the twenty-second day of August, 1903. The defendant and the deceased attended this picnic. Before going to the picnic grounds they went to a drugstore in Coy, where some of them became slightly intoxicated. The defendant is shown to have made threats against the deceased at various times during the day. In the afternoon, about four o'clock, the defendant, together with some companions, was at a stand eating a lunch, and the deceased and his friends came up, some angry words passed between them, and a general fight ensued. The evidence of the State clearly shows that the deceased made the statement to the defendant at the time

he was approaching him that he did not want to fight, and kept backing away. The defendant kept slapping him with his hand and finally cut him with his knife.

The evidence on the part of the defense, however, in this respect is materially different, in that several witnesses testified that a general mix-up ensued, in which the defendant was thrown to the ground and various of his opponents jumped upon him; that he was beaten over the head and back with clubs, and while thus engaged he took his knife from his pocket and commenced to cut, and in this way struck the deceased in the abdomen, from the effects of which he died within a few days.

There is nothing to show ill-feeling or animosity existing between the parties. It can only be explained by reason of the fact that they were under the influence of liquor.

The evidence was very conflicting, that upon the part of the State tending to show that the homicide was neither justifiable nor excusable; while that upon the part of the defendant tends to show that deceased was the aggressor and that the killing was in self-defense.

It is contended by defendant that the court committed error in overruling his motion for a special venire upon the ground that it was not filed three days before the cause was set for trial. But this was a matter of exception and the bill of exceptions does not show that any such motion was ever made, and it is only where the bill shows that such a motion was made, overruled and that an exception was made and saved to the ruling of the court at the time, and the point made in a motion for a new trial, that this court can pass upon the question. This has been so often ruled by this court that it is unnecessary to cite the decisions on the subject. It is true the record proper shows that the motion was made and overruled, but *it* does not even show that any exception was taken to the ruling. But even if the record proper did show that exception

was taken and saved at the time, this would not help the matter, because, being matter of exception, all proceedings in respect to the motion should be incorporated in the bill of exceptions, and unless this is done, the ruling of the court can not be reviewed on appeal. Recitals in the *record* do not and can not preserve mere matters of exception; this can only be done by a bill of exceptions. [Newton v. Newton, 162 Mo. 173; Nickerson v. Peery, 163 Mo. 77.]

It is said that instruction numbered six is erroneous in that it limits defendant's right of self-defense to assaults made by deceased alone and leaves out of consideration defendant's right to use a weapon, if necessary, to protect himself from others acting in concert with the deceased. This seems to be a misconception of the instruction. It tells the jury: "If they believe from the evidence that at the time of the stabbing of the deceased the defendant had good cause to believe, and did believe, under all the facts and circumstances in evidence, that deceased alone or along with others was about to kill defendant or do him great bodily harm, and that defendant had good cause to believe, and did believe, that it was necessary to stab the deceased in order to prevent such apprehended danger, then the jury should acquit the defendant on the ground of self-defense." This instruction is in line with the case of State v. Adler, 146 Mo. 18, and the criticism of it is without merit.

Instruction numbered seven is complained of in that it is asserted that it entirely omits any reference as to others acting in concert with deceased, and emphasizes the construction to be placed upon it by the jury that the right of self-defense only applies in cases where the deceased alone made the assault. We are unable to appreciate the force of this contention. On the contrary the instruction seems to be based purely upon the question as to the effect of the threats made

by deceased against the defendant upon defendant's justification or excuse for stabbing the deceased.

The same may be said with respect to instruction numbered eight. Moreover, if these instructions were not broad enough, as contended by defendant, to cover the issues as presented by the facts and circumstances in evidence, he should have called the court's attention to that fact before the case was submitted to the jury, and asked further instructions.

Another contention is that the prosecuting attorney in his closing address to the jury was guilty of misconduct in using language unwarranted by the evidence, to the prejudice of defendant. But neither the language complained of nor anything with respect thereto is incorporated in the bill of exceptions, which is absolutely necessary in order that the matter may be reviewed by this court. [Norris v. Whyte, 158 Mo. 20, and decisions therein cited.]

Finding no reversible error in the record, the judgment is affirmed.

All concur.