## THE STATE v. PENLAND, Appellant.

### Division Two, November 20, 1906.

**OVERRULING MOTION FOR NEW TRIAL: No Exception.** Where no exceptions were saved to the overruling of the motion for new trial, there is nothing before the appellate court but the record proper, and if that is free from error, the judgment will be affirmed.

Appeal from Henry Circuit Court.—*Hon. Chas. A. Denton,* Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

GANTT, J.—At the January term, 1905, of the Henry County Circuit Court, the prosecuting attorney of Henry county filed an information in open court, based upon an affidavit of J. H. Bailey and duly verified, wherein he charged that the defendant, on or about the 3rd of December, 1904, willfully and feloniously and with a deadly weapon, likely to produce death, to-wit, a large revolving pistol, which he then and there held in his hand, made an assault in and upon one J. H. Bailey and with the revolving pistol aforesaid did strike and beat the said Bailey in and upon the head and face of him the said Bailey, whereby the said Bailey was then and there maimed, wounded and disfigured and received great bodily harm and his life endangered, against the peace and dignity of the State.

The defendant was arrested and entered his plea of not guilty. At the June term, 1905, the defendant was put upon his trial before a jury and was convicted of the offense charged in the information.

In due time he filed his motions for a new trial and in arrest of judgment which were heard and overruled, and he was sentenced in accordance with the verdict of the jury.  From that sentence he appealed to this court.  The evidence tends to establish the following facts:

The State's evidence tended to prove that the prosecuting witness, Bailey, lived in the city of Clinton in a house on a lot adjoining one Mrs. Murrell; and that he married Mrs. Murrell's oldest daughter.  On the day of the alleged assault Mrs. Murrell was away from home, and her two daughters, aged eleven and thirteen, and her two little boys, aged two and four, were at her home alone.  A little after six o'clock in the afternoon Bailey discovered defendant raising a disturbance in the house of Mrs. Murrell, and another man looking in at the windows, and heard the Murrell girls calling for help.  As it was then dark, and knowing that the four children were alone in the house, Bailey called to the defendant and his companion, who was a man named Powell, to leave there and let those children alone.  Defendant and Powell did leave and started away together; but defendant turned around, left Powell, and ran up on Bailey and committed the assault here charged, by using a pistol.  Defendant struck Bailey on the head and face, breaking his jaw bone and seriously bruising his head.  After he had knocked Bailey to the ground defendant kicked and stamped him, breaking two of Bailey's ribs.

Defendant offered to prove that Mrs. Murrell kept a house of ill-fame, and that he had frequently been a visitor there; and that Bailey and Mrs. Murrell's girls knew that defendant had often been invited to go there, and also evidence tending to prove that Mrs. Murrell's girls did not enjoy a good reputation for virtue and chastity, which evidence the court on objection by the State excluded.

The defendant has filed no brief in this court, but

as in duty bound we have read the whole record. There is nothing before us for review but the record proper. The bill of exceptions shows that no exceptions were taken or saved to the overruling of the motion for new trial, so that under repeated rulings of this court the matters of exception such as the alleged incompetency of certain jurors, the alleged errors in admitting and excluding evidence and the sufficiency of the instructions cannot be reviewed by this court. [State v. Irwin, 171 Mo. 558; State v. Harvey, 105 Mo. 316.]

The information is sufficient and in the often-approved form. We discover no error in the impaneling of the jury or the verdict or sentence of the court, and accordingly the judgment and sentence of the circuit court must be and is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.