## THE STATE v. ELMER CRITES, Appellant.

### Division Two, December 15, 1908.

1. **MOTION FOR NEW TRIAL: No Exception.** Where no exception was saved to the action of the court in overruling the motion for a new trial, there is nothing for review on appeal except the record proper.

2. **————: Should be Set Out.** The motion for a new trial should be incorporated in the bill of exceptions filed in the case—not attached to the bill after the judge has signed it.

3. **————: How Cured.** The filing in the appellate court of a certified copy of the judgment, the affidavit for appeal, the order allowing the appeal and of the order extending the time for filing a bill of exceptions, in no way cures defects in the bill of exceptions.

Appeal from Buchanan Criminal Court.—*Hon. B. J. Casteel*, Judge.

AFFIRMED.

*Duncan & Utz* for appellant.

*Herbert S. Hadley*, Attorney-General, and *Frank Blake*, Assistant Attorney-General, for the State.

The bill of exceptions does not contain the motion for new trial; nor does it show that any exceptions were saved to the action of the court in overruling said motion. Consequently, there is nothing before the court except the record proper. State v. Libby, 203 Mo. 596; State v. Irwin, 171 Mo. 558; State v. Baker, 206 Mo. 695; State v. Gordon, 117 Mo. 387; State v. Griffin, 98 Mo. 672; State v. Price, 186 Mo. 140. A bill of exceptions which does not show that appellant excepted to the overruling of his motion for new trial cannot be amended, after the term, from the knowledge of the judge that an exception was in fact taken, or on parol evidence from other sources. Ross v. Railroad, 141 Mo. 390; State v. Eaton, 191 Mo. 151. A

motion for new trial cannot be considered on appeal, unless incorporated bodily in the bill of exceptions. State v. Gordon, 117 Mo. 387; Collins v. Barding, 65 Mo. 496; State v. Sweeney, 68 Mo. 96; Turley v. Barnes, 131 Mo. 548; Arnold v. Boyer, 108 Mo. 310. All matters of exception are waived if the record does not show that the appellant excepted to the action of the trial court in overruling his motion for new trial. State ex rel. v. Burckhardt, 83 Mo. 430; Danforth v. Railroad, 123 Mo. 196; Wentzville Tobacco Co. v. Walker, 123 Mo. 662.

BURGESS, J.—On July 13, 1906, the prosecuting attorney of Buchanan county filed an information in the criminal court of said county charging the defendant and F. R. Osborn, Lee Stanford and J. J. Hayes, *alias* Red Hayes, with unlawfully, feloniously and burglariously breaking into and entering a railroad car of The St. Joseph and Grand Island Railway Company, and stealing therefrom seven tubs of butter, the property of said company, of the value of ninety-five dollars and fifty-five cents. At the March term, 1907, of said court, a severance having been granted, the defendant, upon trial had, was convicted of grand larceny, and his punishment assessed at four years in the penitentiary. He appeals.

The motion for a new trial is not incorporated in the bill of exceptions filed in this case, nor does the bill show that an exception was saved to the action of the court in overruling the motion. It is true that, after the bill is signed by the judge of the court, there is copied what purports to be the motion for a new trial, but it nowhere appears that an exception was taken and saved to the action of the court in overruling said motion. In order that this court may pass upon matters of exception occurring during the trial of a cause, it is absolutely necessary that they be pre-

served in the motion for a new trial, and that the action of the court in overruling the motion be excepted to, and the exception saved at the time, and preserved by bill of exceptions. Our conclusion is, as we think the authorities all show, there is nothing before us for review except the record proper. [State v. Libby, 203 Mo. 596; State v. Irwin, 171 Mo. 558; State v. Baker, 206 Mo. 695; State v. Gordon, 117 Mo. 387; State v. Price, 186 Mo. 140.]

Since the case was submitted the defendant has filed a certified copy of the judgment in the case, affidavit for appeal, order allowing appeal to the Supreme Court, and order extending time for filing bill of exceptions. But these are literal copies of what appears in the original transcript of the record filed in this cause, and in no way cure the defects in the bill of exceptions heretofore pointed out.

The information is in form often approved by this court, and duly sworn to. Finding no reversible error in the record, the judgment is affirmed. All concur.