JESSE REED V. UNITED STATES.

No. A-16.    Opinion Filed July 27, 1909.

(103 Pac. 371.)

1.    APPEAL—Refusal of New Trial—Necessity of Exception. Where
no objection is made, and no exception is saved, to the order
of the trial court in overruling a motion for new trial, this
court will not consider the motion.

2.    APPEAL—Reviewable Instructions. Instructions of the court,
and the indorsements thereon, are by statute made a part of
the record proper in the cause. Such instructions and the ex-
ceptions indorsed thereon, being a part of the record proper,
will be reviewed in felony cases by this court, although no ex-
ception was saved to the order of the court overruling motion
for new trial.

3.    INSTRUCTIONS—Credibility of Defendant. It is error for the
trial court to single out the defendant personally, and instruct
the jury upon the credibility of his evidence.

(Syllabus by the Court.)

*Appeal from District Court, Pittsburg County; Preslie B. Cole,
Judge.*

Jesse Reed was convicted of murder, and appeals. Reversed.

The defendant below was tried separately on indictment,
charging him, jointly with William Frazier, with the crime of
murder. He was convicted and sentenced to imprisonment in the
penitentiary for life. A motion for new trial was filed, overruled,
and no exceptions saved to the order of the court overruling the
same. The case is before this court on case-made. The Attorney
General files motion to dismiss the appeal and affirm the judgment
of the lower court for the reason no exception was saved to the
order of the court overruling the motion for new trial.

*J. H. Wilkins,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Chas. L. Moore,* Asst. Atty. Gen.,
for the United States.

No copies of briefs reached the reporter.

OWEN, JUDGE. (after stating the facts as above).. Upon inspection of the record in this case we find no objection or exception to the action of the court in overruling the motion for new trial. It is well settled that the errors committed on the trial of a case must be excepted to at the time, and brought to the attention of the trial court in a motion for new trial, and, before the motion can be made any part of the record, there must be proper exceptions to the order of the court in overruling it. *State v. Irwin*, 171 Mo. 558, 71 S. W. 1015; *State v. Noeninger*, 108 Mo. 166, 18 S. W. 990; *State v. Sweeney*, 68 Mo. 96; *Nesbit v. Hines*, 17 Kan. 316; *Atchison v. Bayrnes*, 22 Kan. 65; *State v. Swarts*, 9 Ind. 222; *Longfellow v. Smith*, 10 Kan. App. 575, 61 Pac. 875. There having been no exception saved to the order of court overruling the motion for new trial, there is nothing before this court for review, except the record proper, and this court will consider only the errors that appear therein. The rule in felony cases is that all errors appearing in the record proper will be considered on appeal.

In the case of *Vickers v. United States*, decided by this court, and reported in 1 Okla. Cr. 452, 98 Pac. 467, this rule was observed. In that case the defendant below had been tried and convicted on a charge of rape, and sentenced to death. No objection to the indictment had been made, either in the trial court or before this court. This court, in passing on that case, said:

"This indictment does not, in any way, charge a felonious ravishment. It is our opinion that the charging part of this indictment is not in substance sufficiently specific to put the defendant fairly on trial for the offense sought to be charged. Error in the record is not presumed; there should be at least some evidence to show it. However, before a court of last resort affirms a judgment of conviction in a capital case, it should appear affirmatively from the record that every step necessary to the validity of the sentence has been taken. We believe, from our examination of the record, that this case has been tried and submitted to the jury upon an erroneous theory, prejudicial to the rights of the defendant, and which had a controlling influence upon the trial and the result. Although not urged upon the trial, nor here, we deem it our duty to pass upon and decide this question, as that

which the law makes essential in proceedings involving the deprivation of life cannot be dispensed with or affected by the consent of the accused, much less by his mere failure, when on trial, to object to unauthorized methods."

It follows that the rulings complained of in the motion for new trial are *res adjudicata* here, and the motion of the Attorney General in this case should be sustained, and the judgment of the lower court affirmed, unless there are prejudicial errors apparent in the record proper. Under the common law the record proper was the indictment, plea of defendant, verdict of the jury, and sentence of the court.

By statute in this state (sec. 5484, Wilson's Rev. & Ann. St. 1903) the instructions of the court are made a part of the record, in the following language:

"All instructions given shall be in writing unless waived by both parties, and shall be filed and become part of the record in the case. * * *"

Again in section 5580, Wilson's Rev. & Ann. St., we find:

"When judgment upon a conviction is rendered, the clerk must enter the same upon the minutes, stating, briefly the offense for which the conviction has been had, and must immediately annex together and file the following papers, which constitute a record of the action: First, the indictment and a copy of the minutes of the plea or demurrer; second, a copy of the minutes of the trial; third, the charges given or refused, and the indorsements, if any, thereon; and, fourth, a copy of the judgment."

Section 5484, above referred to, also provides:

"Instructions refused shall be marked in writing by the judge, if modified, modification shall be shown in the instruction, and by refusal to give instructions or the modification thereof, shall be deemed to be excepted to."

The indictment, plea, verdict, and judgment of the court appear to be regular and in proper form. Under this statute, making the instructions and indorsements thereon part of the record, exceptions to the instructions must be observed. *Lee v. United States,* 7 Okla. 558, 54 Pac. 792. This statute seems to be taken from Nebraska. The Supreme Court of that state, at the

January term, 1876, in the case of *Thompson v. People,* 4 Neb. 524, held:

"It was urged in argument by counsel for the prosecution that, no exception having been taken to the charge in the court below, it is too late to assign these errors here as ground for a reversal of the judgment. The rule here invoked is properly applicable in all civil cases, and quite generally in criminal cases also. But in the latter class it is not of universal application, especially in capital and other felonies, where reviewing courts not unfrequently correct errors prejudicial to the accused, or where the charge cannot be correct in any conceivable view of the case, although no objection was interposed on that ground in the court below. This instruction, as before stated, is a part of the record of the case, made so by statute, and is therefore properly before us."

Instruction No. 10 of the trial court as it appears in the case-made is as follows:

"The court further instructs the jury that the defendant is a competent witness on his own behalf, and the fact that he is the defendant is not of itself sufficient to impeach or discredit his testimony, but the jury should take into consideration the fact that he is the defendant, and the interest which he has in the result of the trial, and also that in determining the weight to be given to the testimony of a defendant, you should take into consideration the testimony of all the other witnesses, and also such facts and circumstances as are in proof in this case, and, with the testimony of the other witnesses and such facts and circumstances, determine how much weight and credit you should give to the testimony of the defendant, and after such consideration give it such weight and credit as in your judgment it stands entitled under all the facts and circumstances and other testimony in proof in this case."

In the case-made also appears the following statement:

"And thereupon the defendant, in the presence of the jury, duly excepted to that part of instruction No. 10, given by the court as follows, to wit: 'The court further instructs the jury that the defendant is a competent witness on his own behalf, and the fact that he is the defendant is not of itself sufficient to impeach or discredit his testimony, but the jury should take into

consideration the fact that he is the defendant, and the interest which he has in the result of the trial.' "

In our opinion it is reversible error for the trial court to single out the defendant personally, and instruct the jury upon the credibility of his evidence. This court so held in the case of *Fletcher v. State, ante,* p. 300, 101 Pac. 599, and in the case of *Green v. United States, ante,* p. 55, 101 Pac. 112, and again in the case of *Hendrix v. United States, ante,* p. 240, 101 Pac. 125. In the latter case the instruction was condemned, but was held to be harmless error in that case, for reasons given in the opinion. In the case of *Fletcher v. State,* opinion by the presiding judge of this court, the court in passing on this question, says:

"We think that it is error for the court to single out any special witness personally, and burden his testimony with any suggestions which might indicate to the jury that, in the opinion of the court, such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse. We trust that the courts in Oklahoma will cease to give such instructions in the future; otherwise it will result in the reversal of many convictions, which, but for such instructions, would be affirmed."

The opinion of the court in that case is here approved.

Inasmuch as the case must be reversed for the error complained of in the instruction above quoted, we deem it unnecessary to consider the other instructions complained of in defendant's brief.

The motion to dismiss is overruled.

For the error in giving instruction No. 10, the judgment of the court below is reversed, and the cause remanded for new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.