### H. E. BRIDGES v. UNITED STATES.

No. 117.    Opinion Filed October 18, 1909.

(104 Pac. 370.)

INSTRUCTIONS—Credibility of Accused. It is error for the trial court to single out the defendant personally and charge upon the credibility of his testimony.

(Syllabus by the Court.)

*Appeal from District Court, Creek County; John Caruthers, Judge.*

H. E. Bridges was convicted of the larceny of a steer, and he appeals. Reversed and remanded.

The defendant was tried in the district court of Creek county for the offense of larceny of a steer. The indictment was transferred from the United States Court of the Western District of the Indian Territory upon the incoming of statehood. The defendant was found guilty by the jury, and the case is properly before this court on appeal.

*McDougal, Wood & Latimore,* for appellant.

*Charles West,* Atty. Gen., and *C. L. Moore,* Asst. Atty. Gen., for the State.

FURMAN, PRESIDING JUDGE. First. Upon the trial of this case the court instructed the jury as follows:

"Under the law the defendant has the right to testify on his own behalf; but the credibility and the weight to be given to his testimony are matters exclusively for the jury. In weighing his testimony, you have a right to take into consideration his manner of testifying, the reasonableness or unreasonableness of his account

of the transaction, and his interest in the result of the verdict, as affecting his credibility. You are not required to receive blindly the testimony of the accused as true; but you are to consider whether it is true, and made in good faith, or only for the purpose of avoiding conviction."

In the case of *Jesse Reed v. United States,* 2 Okla. Cr. 652, 103 Pac. 371, Judge Owen, speaking for the court said:

"In our opinion it is reversible error for the trial court to single out the defendant personally, and instruct the jury upon the credibility of his evidence. This court so held in the case of *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 599, and in the case of *Green v. United States,* 2 Okla. Cr. 55, 101 Pac. 112, and again in the case of *Hendrix v. United States,* 2 Okla. Cr. 240, 101 Pac. 125. In the latter case the instruction was condemned, but was held to be harmless error in that case for reasons given in the opinion. In the case of *Fletcher v. State,* opinion by the Presiding Judge of this court, the court, in passing on this question, says: 'We think that it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instructions as to the credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendant alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse. We trust that the courts of Oklahoma will cease to give such instructions in the future; otherwise, it will result in the reversal of many convictions, which, but for such instructions, would be affirmed.' The opinion of the court in that case is here approved."

When this case was submitted to this court, the Attorney General filed a confession in error on account of this instruction. But subsequently by permission of the court, this was withdrawn upon the plea that no exception was reserved in the trial court. Upon an examination of the case-made we find that this instruction was expressly excepted to before the instructions were read to the jury.

Second. In this case the evidence against the defendant is

3 Cr.—5

of an unsatisfactory character, and the trial judge would have been entirely justified in setting the verdict aside on this ground. Unless the state can secure more convincing proof of the defendant's guilt, it will be a useless expense to the state to place the defendant on trial for this offense again. But, as the case will have to be reversed on account of the error in the instructions, it is unnecessary to discuss the evidence in detail.

Reversed and remanded.

DOYLE and OWEN, JUDGES, concur.