## FRANK MANNING v. STATE.

No. A-644.   Opinion Filed May 16, 1911.

(115 Pac. 612.)

1.   **TRIAL—Instructions—Credibility of Accused.** An instruction upon the credibility of the defendant as a witness in his own behalf is erroneous; and, when given, is ordinarily sufficient grounds for a new trial.

2.   **APPEAL—Instructions—Credibility of Accused.** When the defendant is the only. witness testifying to material facts tending to establish his defense, and the trial court, after a portion of the argument of the case has been made to the jury, gives an instruction upon the credibility of the defendant as a witness in his own behalf. a conviction had will be set aside and a new trial awarded.

(Syllabus by the Court.)

*Appeal from District Court, Oklahoma County; John J. Carney, Judge.*

Frank Manning was convicted of manslaughter, and he appeals. Reversed and remanded.

*Giddings & Giddings,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. Plaintiff in error was tried in March, 1909, in the district court of Oklahoma county on a charge of murder and convicted of manslaughter in the second degree, and sentenced to four years in the state penitentiary.

The proof shows: That the plaintiff in error conducted a meat and grocery market at 111 South Robinson street in Oklahoma City in the summer of 1908. That he slept at the same place. On the night of the 31st of August he closed at about 9 o'clock, and went to a resort on Grand avenue, and secured a lunch and a drink of whisky. It was a rainy night. About 11 o'clock, he returned to his place, and found the doors had been broken, and some one had forced entrance to the place. The plaintiff in error appears to have entered the back door; the front door having been locked on the inside. As he walked through the shop, he heard a noise, and, picking up a butcher knife, started toward the front door. About the time he got to the door a man rose up, and, according to his testimony, told him to hold up his hands. A struggle ensued in which the intruder was struck on the head with the knife, and afterwards shoved out of the front door onto the street where he fell. It developed that this person was Thomas T. Weitzel. Several persons saw the plaintiff in error and deceased struggling on the walk in front of the butcher shop, but recognized neither of them. In a few moments officers appeared on the scene, and plaintiff in error was arrested. Weitzel died from the effects of the wound on the 1st day of September, 1908.

There are a number of assignments of error relied upon, but,

in view of the fact that the questions raised have been repeatedly passed upon by this court, we shall consider only one assignment, which this court has repeatedly held is sufficient to cause a reversal. This is assignment No. 8.

After the court had instructed the jury and the assistant county attorney had made the opening argument for the state, the court gave the following instruction, over the objection and exceptions of the defendant:

"There is just one instruction that the court did not give that it will now give: 'The defendant is a competent witness in his own behalf, and his testimony is to be weighed by the same rules that govern the testimony of other witnesses; but, in weighing his testimony, the jury may take into consideration the fact that he is the defendant in this case and his interest in the result of the trial.'"

In this casè the plaintiff in error was the only witness testifying to the substantial facts tending to establish his defense. Such an instruction as the foregoing has been held erroneous in a great many cases by this court, among them the following: *Bridges v. U. S.,* 3 Okla. Cr. 64, 104 Pac. 370; *Hughes v. State,* 3 Okla. Cr. 387, 106 Pac. 546; *Crow v. State,* 3 Okla. Cr. 428, 106 Pac. 556; *Fletcher v. State,* 2 Okla. Cr. 300, 101 Pac. 599, 23 L. R. A. (N. S.) 581; *Banks v. State,* 2 Okla. Cr. 339, 101 Pac. 610; *Mitchell v. State,* 2 Okla. Cr. 442, 101 Pac. 1100; *Price v. U. S.,* 2 Okla. Cr. 449, 101 Pac. 1036; *Reed v. U. S.,* 2 Okla. Cr. 652, 103 Pac. 371.

The judgment of the trial court is reversed, and the cau e remanded for a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.