JOHN LEISHMAN v. STATE.
No. A-1224.  Opinion Filed September 14, 1912.
Appeal from Oklahoma County Court;
John W. Hayson, Judge.

John Leishman was convicted of violating the prohibitory law, and appeals. Reversed.

Giddings & Giddings, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State.

PER CURIAM:  The plaintiff in error was convicted in the county court of Oklahoma county on a charge of selling intoxicating liquor, and on the 28th day of March, 1911, was adjudged to pay a fine of fifty dollars and be confined in the county jail for a period of thirty days. He perfected his appeal in this court in due form. The proof upon the part of the state establishes the sale. The testimony on the part of the defense flatly contradicts the prosecuting witness. The accused testified on his own behalf that he was in bed sick on the date the sale was made as contended by the state, and his physician, Dr.

Kuhn, corroborated his testimony and says that the accused was in bed for two or three days prior and subsequent to the date upon which the prosecuting witness claims to have purchased the whisky. In addition, the prosecuting witness after having voluntarily filed the complaint against the accused went to the county attorney's office and made a written statement to the effect that he did not purchase the whisky. The following instruction of the court is complained of as ground for reversal in view of the facts in this case:

"You are the exclusive judges of the weight and credibility of the the witnesses in this case, and in determining what weight and credit you will give to the testimony of any witness you will take into consideration the appearance of the witness on the stand, his manner of testifying, his interest or lack of interest in the result of this case; his opportunity or lack of opportunity for knowing and seeing the things about which he has testified, and if you believe that any witness has willfully testified falsely in any material matter, you may disregard the whole of such witness' testimony unless the same is corroborated by other witnesses whom you believe have testified truthfully in such matter, or by other competent credible testimony."

This instruction has been repeatedly condemned by this court. It should not be given at all, and is held to be especially harmful in a case where the facts are controverted. See Rea v. State, 3 Okla. Cr. 269, 105 Pac. 381; Manning v. State, 5 Okla. Cr. 532, 115 Pac. 612; Fletcher v. State, 2 Okla. Cr. 300. The trial courts are warned against giving such instructions. Let the judgment be reversed and the cause remanded with direction to grant a new trial.